EDWIN LITSEY

*v.*

FLOYD K. WHITTEMORE.

*Filed at Springfield September 27, 1884.*

1. SPECIFIC PERFORMANCE—*laches.* Where the purchaser of land was to pay $600 in cash when the deed and abstract were ready, and assume an existing mortgage of $3000 on the premises, the vendor and wife to make him a good and sufficient warranty deed, no time of performance being fixed, and the purchaser, within four months from the date of the contract, tendered the vendor $600, and presented him a deed to be executed, in which the purchaser assumed to pay the mortgage debt, and, on the refusal of the vendor to perform the contract on his part, immediately thereafter filed his bill for specific performance, it was *held*, that the delay was not unreasonable, under the circumstances. Until the deed and abstract were prepared the purchaser was not bound to pay.

2. SAME—*want of title in vendor, and refusal of his wife to join in the deed—whether availing as a defence.* The fact that a vendor of land is unable to give a warranty deed, so as to give a good title, and that his wife refuses to join in a deed for the land, is no defence to a bill by the vendee to enforce a specific performance. And when the decree requires the master in chancery to make a conveyance to the vendee, this will amount only to a quitclaim deed by the vendor alone, and the latter can not complain of the decree on that account.

3. CONTRACT—*for sale of land, construed—condition precedent as to making cash payment.* A contract recited "that A has this day bargained and sold to B, for the consideration of $600 cash when deed and abstract are ready, and the further consideration that B assume an existing $3000 mortgage now on the land, and hereby agrees to execute and deliver a good and sufficient warranty deed therefor, signed and acknowledged by himself and wife, to the following land," etc.: *Held*, that the $600 was not to be paid presently, but only when the deed and abstract were ready, and that B was not required to pay the mortgage immediately, or when he received his deed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Vermilion county; the Hon. J. W. WILKIN, Judge, presiding.

Mr. Charles Wheaton, for the plaintiff in error:

A decree will be reversed when the bill is insufficient to support the findings. *Waugh* v. *Robbins*, 33 Ill. 181.

Where a bill is bad on demurrer, the court will not grant relief upon the hearing, even though the defendant answers. *Ryan* v. *Duncan*, 88 Ill. 144.

A party can not compel a specific performance unless he has fully performed on his part, or can give a good excuse for not performing. *Scott* v. *Shephard*, 3 Gilm. 483; *Heckard* v. *Sayre*, 34 Ill. 142; *Stow* v. *Russell*, 36 id. 18; *Supervisors* v. *Henneberry*, 46 id. 180; *Warren* v. *Richmond*, 53 id. 52.

No time of payment being expressed, the law makes the money payable immediately. *Thompson* v. *Ketchum*, 8 Johns. 190; *Mason* v. *Owens*, 56 Ill. 259.

Delay in paying or offering to perform in proper time is fatal to the relief. *Roby* v. *Cossitt*, 78 Ill. 638; *Mix* v. *Balduc*, id. 215; *Marshall* v. *Perry*, 90 id. 299; *Hungate* v. *Rankin*, 20 id. 639; *Bourland* v. *Sickles*, 26 id. 493; *Lyon* v. *Culbertson*, 83 id. 33; *Knickerbocker Ins. Co.* v. *Seeleman*, id. 446; *Hoyt* v. *Tuxbury*, 70 id. 331.

The assumption of the mortgage means its payment, so as to relieve the mortgagor from any liability thereon, and that has not been done. 1 Jones on Mortgages, sec. 769.

When the vendor is kept subject to a debt from which the vendee agreed to relieve him, it is a continuing injury. *Brewer* v. *Worthington*, 10 Allen, 329; *Gaffney* v. *Hicks*, 124 Mass. 301; *Gregory* v. *Hartley*, 6 Neb. 356; *Wilson* v. *Stillwell*, 9 Ohio St. 467; *Stout* v. *Folger*, 34 Iowa, 71.

If the vendor has not a good title, a decree for complete performance can not be made; and if both parties knew of the state of the title, no decree for specific performance can be had. *Mills* v. *Van Voorhies*, 20 N. Y. 412.

Messrs. MANN, CALHOUN & FRAZIER, for the defendant in error:

The default admits that defendant made the contract, and that the complainant has always been ready and willing to comply on his part, and that defendant has refused. *Laird* v. *Allen*, 82 Ill. 44.

The cash payment was to be made only when the deed and abstract were ready.

The assumption of a debt is an agreement to pay it at some future but reasonable time. Under the clause in the deed, the defendant can compel complainant to pay the assumed debt. *Dean* v. *Walker*, 107 Ill. 540.

Complainant was not bound to pay the mortgage before it was due. He had a right to, and did, waive the giving of an abstract of title, and also the procurement of the signature of the defendant's wife, and also the right to a warranty deed. Of this the defendant can have no just cause of complaint.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Floyd K. Whittemore, the defendant in error, on the 5th day of May, 1883, filed in the Vermilion circuit court a bill in chancery, against the plaintiff in error, Edwin Litsey, to enforce the specific performance of the following contract:

"This memorandum of agreement, made this 17th day of January, 1883, between Edwin Litsey, of Kendall county, Illinois, first party, and F. K. Whittemore, of Sangamon county, Illinois, second party, witnesseth, that the said first party has this day bargained and sold to the second party, for the consideration of $600 cash, when deed and abstract are ready, and the further consideration that the second party assume an existing $3000 mortgage now on the land, and hereby agrees to execute and deliver a good and sufficient

warranty deed therefor, signed and acknowledged by himself and wife, to the following described lands, to-wit: the south-east quarter of section 12, township 23, range 13, west, situated in Vermilion county, Illinois.

(Signed)          EDWIN LITSEY,
                     F. K. WHITTEMORE."

The bill, after setting out the contract, avers that the complainant has always been ready and willing to comply with its terms, on his part; "that complainant, on May 4, 1883, tendered to Edwin Litsey the said sum of $600, and also presented him a deed, to be executed by him, in which, as a part of the consideration of said premises, complainant assumed and agreed to pay the $3000 mortgage mentioned in said agreement, and complainant then demanded that said Litsey and his wife should execute said deed, and the said Litsey then and there refused to execute said deed." The answer admits the making of the agreement, but alleges that it was made without consideration, "and without a full knowledge of the facts and circumstances which resulted in defendant's signing such agreement; that at the time stated, Whittemore claimed to be the owner of the north eighty acres of the land in the said south-east quarter of section 12, with a title superior and paramount to that of the defendant, and defendant was induced, by continued importunity and solicitation of complainant, * * * to enter into and sign the so-called agreement; that before signing said so-called agreement, defendant repeatedly asked complainant, if he (defendant) should consent to convey to complainant the land described in complainant's bill, by warranty deed, whether by doing so he (defendant) would be conveying away his right of action against his immediate predecessor in interest, upon his covenants of warranty in his deed to defendant, and at each time complainant positively assured defendant he would not; * * * that relying upon such statements of com-

plainant, and not otherwise, defendant signed said pretended agreement." The answer then charges, in substance, that in a few days after signing the agreement, upon consultation with an attorney, he learned that a conveyance of the land by him to complainant would operate as an extinguishment of his right of action against his grantor, and that he thereupon notified complainant he considered the agreement rescinded and annulled. It is further stated in the answer, that at the time of making the agreement, defendant was and still is unable, in truth and in fact, to make a warranty deed of the land described in the bill, and that complainant well knew and still knows that fact; that defendant is unable to obtain the signature and acknowledgment of his wife to any conveyance of the land, etc.

The court sustained exceptions to the answer, and the defendant declining to answer further, a decree *pro confesso* was entered against him, in conformity with the prayer of the bill, to reverse which the defendant has brought this writ of error.

We agree with counsel for plaintiff in error, that if the case made by the bill does not, as matter of law, entitle the complainant to relief, a decree directing a specific performance of the contract would be erroneous, although the matters set up in the answer might clearly present no defence to a bill confessedly good on its face; but we do not agree with counsel that the bill in this case is so totally defective that it would be held bad on demurrer. Its sufficiency is chiefly assailed on the ground the complainant was guilty of *laches* in not filing it at an earlier day. We do not think a delay of some four months in bringing suit, under the circumstances shown by the bill, warrants the charge of *laches* or unreasonable delay on the part of complainant. By reference to the contract it will be observed the $600 was not to be paid presently, as is assumed by counsel for plaintiff in error. On the contrary, his undertaking was to pay when the deed

and abstract were ready. It was clearly the duty of Litsey, under the contract, to prepare and execute the deed, and to also furnish the complainant an abstract of title, and until this was done the latter was under no obligation to pay the money, and as this was not done at all by Litsey, it follows defendant in error can not properly be said to have been guilty of *laches*. This view of the matter, of course, is based exclusively upon what appears on the face of the bill, and is intended merely as an answer to the claim the bill is bad on its face. As to the answer, we are of opinion it presents no substantial defence to the bill.

The contention of plaintiff in error that the defendant in error should have paid, or offered to pay, the incumbrance of $3000 on the land, as well as the $600, in order to entitle him to a conveyance, we do not think is a fair construction of the agreement. Had such been the intention of the parties, the agreement would doubtless have so provided; but this it does not do. The words of the instrument are, "and the further consideration that the second party assume an existing $3000 mortgage now on the land." An agreement to assume a debt does not, either in law or in a popular sense, imply an undertaking to make immediate payment of the debt, but rather the contrary. If this debt was to be paid immediately, or upon the making of the deed and furnishing the abstract, it is but reasonable to suppose the agreement would have so stated, just as it does respecting the $600; but this was not done.

As to the objection plaintiff in error was not, at the time of making the contract, and has not since been, able to make a warranty deed to the premises, as well as to the further objection that his wife refuses to join in the deed, they are both fully obviated (conceding there was anything originally in them, of which we express no opinion,) by the decree rendered in the cause, which simply directs the master to convey the property in question to the defendant in error upon his

complying with the terms of the agreement on his part, the effect of which will, of course, be nothing more than a mere quitclaim deed by Litsey alone, and if Whittemore is willing to accept such a conveyance, surely Litsey has no right to complain.

There is no pretence or claim there has been any fraud practiced on plaintiff in·error, and he should, in equity and good conscience, be held to the performance of his agreement.

The decree will be affirmed.

*Decree affirmed.*