## MARIAN L. MOORE

*v.*

## JOSEPH GARIGLIETTI.

*Opinion filed June 19, 1907.*

1. CONTRACTS—*contracts to convey land are assignable.* A contract reciting the receipt from a certain person of a specified amount of money as part payment on the land described, the balance thereof (specifying the amount) to be paid upon the delivery of a good and sufficient warranty deed, is a contract to convey the land to the person from whom the money was received, and such contract is assignable and carries with it the assignor's existing rights and remedies.

2. SPECIFIC PERFORMANCE—*equity may decree part performance of a contract to convey.* Where the defendant to a bill to specifically enforce a contract to convey land for a fixed price owns only a two-fifths interest in the land, a court of equity may require the defendant to convey such two-fifths interest upon payment to her of a like proportion of the contract price.

3. SAME—*a decree for damages must rest upon the evidence.* Damages for inability of the defendant to a bill for specific performance to convey the entire title cannot be awarded in the absence of any evidence forming a proper basis upon which damages may be assessed.

4. APPEALS AND ERRORS—*party cannot complain of harmless error.* A defendant to a bill for specific performance who was required by the decree to convey her interest in the land cannot complain that the decree found that she "apparently" owned a life estate in the land in addition to her two-fifths interest in fee, where she does not claim that the contract did not cover her entire interest but only that she had no life estate in the land.

WRIT OF ERROR to the Circuit Court of Putnam county; the Hon. T. N. GREEN, Judge, presiding.

WINSLOW EVANS, and J. E. TAYLOR, for plaintiff in error.

JOHN L. MURPHY, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error filed his bill in the circuit court of Putnam county praying that plaintiff in error be compelled to specifically perform a contract to convey to him certain lands described in the bill. The bill alleged that plaintiff in error entered into a written agreement with Edward Newman, who represented and acted for defendant in error, that she would for $2000 convey to said Newman or his assigns, by good and sufficient warranty deed, twenty acres of land in said written agreement described, $25 of the consideration being paid in cash at the time the agreement was made, the balance to be paid on delivery of the deed. The agreement set out in the bill is as follows:

"Received of Edward Newman twenty-five dollars ($25) to apply as part payment on the following described land, to-wit: The west half of the south half of the west half of the south-east quarter of section five (5), township thirty-two (32), north, range one (1), west of the third principal meridian, containing twenty acres more or less, balance of nineteen hundred and seventy-five ($1975) to be paid on delivery of good and sufficient warranty deed.

"Dated this 28th day of May, A. D. 1903.
                                        MARIAN L. MOORE."

The bill alleges that afterwards Newman assigned the contract to defendant in error, who called upon plaintiff in error and tendered her the balance of the purchase price, $1975, and demanded a deed, but that plaintiff in error refused to make such deed and refused to comply with the agreement. The bill prayed that in case it be found impossible for plaintiff in error to convey to defendant in error

title to the whole of the tract of land in controversy in accordance with the agreement, she be decreed to convey all the interest she owned therein, and that the damages sustained by complainant by reason of the inability of plaintiff in error to convey him the title to the whole of the said tract be allowed and assessed by the court.

Plaintiff in error did not own the whole of said twenty acres at the time of the making of said agreement. Prior to December 25, 1888, said premises belonged to Charles A. Moore, a son of plaintiff in error. On that date said Charles A. Moore conveyed the premises to Robert W. Moore, Jr., another son of plaintiff in error. Robert W. Moore, Jr., afterwards died, leaving his mother, his brother, Charles A., and two married sisters, Josie Dean and Florence Hurin, his only heirs-at-law. Upon the death of said Robert W. Moore, Jr., his mother inherited two-fifths of the fee in the lands in controversy and the surviving brother and sisters each one-fifth. All the owners of the fee were joined as defendants to the bill and answered the same, substantially denying all its material allegations. The answer set out that the title to the premises was vested in and owned by the mother, brother and sisters of Robert W. Moore, Jr., and denied that they had ever agreed to convey the title as alleged in the bill. Replication was filed and the cause referred to the master to take the proof and report his conclusions of law and fact. Said master reported that plaintiff in error had agreed to sell the lands mentioned to Newman for $2000; that she had received $25 as part payment; that by the agreement the balance was to be paid upon the delivery of a good and sufficient warranty deed; that said agreement was assigned by Newman to defendant in error; that at the time said agreement was made plaintiff in error owned only an undivided two-fifths of the land, not including the underlying coal, which had been previously sold to other parties, and recommended that a decree be entered directing that upon payment to

228—10

plaintiff in error of the further sum of $775 she convey to defendant in error the undivided two-fifths of the premises. Objections by plaintiff in error to the report and conclusions of the master were overruled by him and exceptions by her to the said report were overruled by the court, the master's report approved, and a decree entered directing that upon the payment to plaintiff in error, or the deposit of the said sum in the office of the circuit clerk for her benefit, within ten days, she convey to defendant in error all her title and interest in said premises, and plaintiff in error brings the case here for review.

It is first contended by plaintiff in error that the proofs do not support the allegations of the bill that she entered into a written agreement with Newman to convey to him or his assigns, by good and sufficient warranty deed, the title to said premises. In support of this contention it is said there is nothing in the instrument showing by whom or to whom the deed was to be made. We think there is no merit in this contention. The agreement was that plaintiff in error had received of Newman $25 as part payment for the land, and that upon delivery of a good and sufficient warranty deed the balance of the purchase money, $1975, was to be paid. No other reasonable construction can be put upon this instrument than that it was an agreement by plaintiff in error to convey to Newman title to the premises in controversy upon the payment of the balance of the purchase money. Such agreements are assignable and carry with them the rights and remedies that existed in the assignor. (*Fuller* v. *Bradley,* 160 Ill. 51; 26 Am. & Eng. Ency. of Law,—2d ed.—p. 126.) It is true, plaintiff in error only owned an undivided two-fifths of the land. That she did not own it all, or at least that she could not convey title to it, appears to have been known by Newman at the time the agreement was made. He testified plaintiff in error told him she would have to send the deed to Iowa for her son and two daughters to sign, and that it would take

about two weeks to send the deeds there and get them back. On June 11, 1903, which was about two weeks after the making of the agreement with Newman, plaintiff in error wrote him that her son refused to sign a deed and objected to the sale of the land, and that she would therefore be unable to make the conveyance. Shortly after the receipt of the letter Newman and defendant in error called on her about the matter and tendered the balance of the purchase price, and were told by her that she had decided not to sell the land and would not make a deed.

It is contended that if the contract was for the conveyance of the whole of the title it was erroneous for the court to decree the conveyance of the title to an undivided part of the premises. Courts of equity will not deny specific performance of a part of a contract which is capable of being performed, because the contract, as a whole, is not capable of performance. (*Shirley* v. *Spencer,* 4 Gilm. 583; *Work* v. *Welsh,* 160 Ill. 468; 26 Am. & Eng. Ency. of Law,—2d ed.—p. 24.) An agreement by one tenant in common to convey the whole of the joint property cannot be enforced against his co-tenants, but may be enforced as to his interest in the premises. 26 Am. & Eng. Ency. of Law, (2d ed.) p. 24.

The circuit court by its decree found that plaintiff in error owned the undivided two-fifths of the fee in said land and also "apparently" owned a life estate in the whole of said tract. It is contended by plaintiff in error that she owned no life estate in said premises and that the decree in that respect is erroneous. The deed from Charles A. Moore to Robert W. Moore, Jr., was not offered in evidence, but it appears from an abstract of title to the lands in controversy in the record, which appears to have been admitted in evidence, that the deed was made "subject to the following reservation, to-wit: That Marian L. Moore, mother of Charles A. Moore and Robert W. Moore, Jr., shall hold possession and have the use of the above described twenty

acres of land during her natural life." It is argued that plaintiff in error being a stranger to the title, this clause in the deed was inoperative and that she took nothing by it. If it be conceded that the decree found she was the owner of a life estate in the whole of the tract of land, she was not prejudiced by the finding if, as she insists, she did not own any such estate. According to her own contention the decree in that respect deprives her of nothing, and no one else is complaining of that finding of the decree.

It is also complained that the decree was erroneous in fixing the amount to be paid by defendant in error at $775. We see no basis for this complaint. The contract price for the whole tract was $2000. Plaintiff in error only owned a two-fifths interest and therefore could only convey the amount she owned. The master found, and the court approved the finding, that upon the payment to her of two-fifths of the contract price defendant in error was entitled to a conveyance of said two-fifths interest of the land. The plaintiff in error had been paid $25 at the time the contract was made, and we think no error was committed in requiring her to convey said interest upon payment of the further sum of $775.

Defendant in error has assigned cross-errors upon the refusal of the court to decree to him substantial damages for the failure of plaintiff in error to make the conveyance. There was no evidence that would make any proper basis upon which the court could have fixed and assessed such damages if the case were one where damages were recoverable, and no error was committed by the court in refusing to allow damages.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*