(No. 15119.—Decree affirmed.)
PETER SPADONI, Appellant, *vs.* ANGELO FRIGO *et al.*
Appellees.

*Opinion filed February 21, 1923.*

1. SPECIFIC PERFORMANCE—*when contract by one joint tenant cannot be enforced as to whole property.* Where a husband and wife own homestead property as joint tenants, an oral agreement for sale entered into by the husband out of the presence of the wife and without her consent cannot be specifically enforced where there is no estoppel against the wife, who repudiated the contract as soon as she heard of it and refused to accept any deposit on it.

2. SAME—*when contract by one joint tenant cannot be enforced as to his interest.* While a joint tenancy may be severed by a conveyance of the interest of one of the joint tenants, thereby creating a tenancy in common, yet a contract by one joint tenant of homestead property for a conveyance of the entire property subject to the consent of the other cannot be enforced as to the interest, alone, of the tenant making the contract when the other joint tenant refuses to consent to the contract.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

RICE & DeBARTOLO, (IRENE M. LEFKOW, of counsel,) for appellant.

VAIL, VAIL & PLAMONDON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By his bill of complaint filed in the circuit court of Cook county the appellant, Peter Spadoni, prayed for the specific performance by the appellees, Angelo Frigo and Elizabeth Frigo, his wife, of a contract alleged to have been made by Angelo Frigo for the conveyance to appellant of lot 1 in block 2 in the original town of Pullman, owned by the appellees as joint tenants and occupied as their homestead. It was not claimed by the bill that Elizabeth Frigo made any ·

contract with the appellant, but it was charged that a contract was made by Angelo Frigo and payment of $100 made to him on the contract with the assent of Elizabeth Frigo and under circumstances which bound her by it. The contract price was $8000, and the appellant alleged his readiness and ability to specifically perform upon his part by paying the balance of $7900 upon appellees making and delivering to him a good and sufficient deed. The bill alleged that three days after the contract was made with appellant appellees entered into another contract with James Vallortigaro for a sale of the same property to him for $10,000, and he was also made a defendant. Angelo and Elizabeth Frigo answered the bill, denying the making of the agreement and relying on the Statute of Frauds. Vallortigaro also answered, admitting that he had a contract for the lot for $10,000 and denying that appellant was entitled to the relief prayed for. Angelo and Elizabeth Frigo filed a cross-bill, alleging that the premises were held in joint tenancy by them and occupied as a homestead; that the contract with Angelo Frigo was conditioned upon the consent and concurrence of Elizabeth Frigo, and that she never authorized the contract or consented to it or to the receipt of the $100. They prayed for a decree removing as a cloud upon their title the receipt for $100, which appellant had caused to be recorded. The cross-bill was answered and the issues were referred to a master in chancery, who took the evidence and reported it to the court with his conclusions. He found as a matter of fact that the contract with Angelo Frigo was conditioned upon the consent and agreement of Elizabeth Frigo, and that she was not present when the $100 was paid and the receipt given and never had possession of the money and knew nothing about it but refused to join in the contract or sell at the price stated. His conclusions of law were that the appellant was not entitled to specific performance or to any relief except to the return of his $100, and that the receipt recorded should be removed as a cloud upon the title.

The court overruled exceptions to the report and entered a decree in accordance with it, from which this appeal was prosecuted.

A reading of the evidence taken and returned by the master shows that the complainant did not establish by a preponderance of the evidence that a binding contract for the conveyance of the premises was made, but that such agreement as was entered into by Angelo Frigo, if otherwise capable of enforcement, was conditioned upon the consent of Elizabeth Frigo, who never consented or became bound in any way. On June 16, 1921, Angelo Frigo verbally offered the premises to the complainant for $8000, and the complainant said that he would look at the property. The complainant, with his wife, sister-in-law and child, went to the premises and asked Elizabeth Frigo to show them over the house, and she did so. This is one of the acts alleged as showing her consent, but the property had been listed for six or eight months with two different real estate agencies at $10,000, and on several occasions she had shown the house to persons who came there to see it. On June 17, 1921, the complainant came to the house and gave Angelo Frigo $100 as a deposit, and Italia Frigo, the fifteen-year-old daughter of the defendants, was called to write a receipt at the dictation of her father. She wrote the following receipt, and her father signed it and gave it to the complainant, who had it recorded in the recorder's office:

"CHICAGO, *14 June, 1921.*

"Received from Pete Spadoni $100 on account of the property of 623 E. 111th St. Balance $7900.                ANGELO FRIGO.

"Payable if desired through Chicago clearing house."

Elizabeth Frigo was not present and knew nothing about the payment, but when she learned of it refused to join in the contract. A short time after the receipt was given the complainant went to the house and left $1000 as a further deposit but took no receipt for it, and Elizabeth

Frigo refused to accept it or have anything to do with it. The complainant came again the next morning and took the $1000 and Angelo offered to return the $100, but complainant refused to accept it. A short time after the giving of the receipt the defendants entered into a contract for the sale of the premises for $10,000 to Vallortigaro. There were contradictions in the evidence, but we are satisfied that the conclusion of the master was right that Elizabeth Frigo did not make any contract or assent to any.

It is argued that the conduct of Elizabeth Frigo was such as to create an estoppel against her, but in what respect is not very clear. The complainant had notice by the record of the title, and according to his own account had actual notice, that Elizabeth was a joint tenant with her husband, and she did not practice any deception. She expressed herself to other persons as being desirous of selling the property and going back to the old country but neither expressed a desire or intention to sell it for $8000. The payment of $100 could not create an estoppel. The complainant did not change his position in any manner on account of anything she did or said, and there is no element of estoppel.

The bill prayed not only that Angelo and Elizabeth Frigo should specifically perform the alleged agreement, but if complainant was not entitled to enforce performance against Elizabeth Frigo that Angelo Frigo be decreed to convey whatever interest he had in the premises, and the purchase price of $8000 should be rebated according to his interest, which would be $4000. There was an offer to pay the balance of that amount after taking credit for the $100 paid. It is argued that the court erred, in any event, in not decreeing specific performance by Angelo Frigo so far as he was able to convey his interest. If there had been a contract binding upon Angelo Frigo so far as he was able to perform it, the court would take account of the fact that the property was a homestead occupied by Elizabeth Frigo, who was not bound by any contract, and the fact that a

conveyance by Angelo Frigo would sever the estate of joint tenancy, with its incident of survivorship. The complainant knew what the title was and that it was a joint tenancy, with the right of survivorship. Such a tenancy may be severed and the estate destroyed by a conveyance, voluntary or involuntary, of the interest of one of the joint tenants, and the unity of title and interest being destroyed, the interest severed is changed into a tenancy in common. (*Lawler* v. *Byrne,* 252 Ill. 194; 7 R. C. L. 815.) The court would consider these things when asked to enforce specific performance as to one of the joint tenants. Regardless, however, of such considerations, the complainant never had any contract binding upon Angelo Frigo, but the agreement was for the whole property and conditioned upon the consent of Elizabeth Frigo, who never consented.

The decree is affirmed.          *Decree affirmed.*

---

(No. 15038.—Reversed and remanded.)
CONRAD H. MATTHIESSEN, Defendant in Error, *vs.* WILLIAM O. DUNTLEY, Plaintiff in Error.

*Opinion filed February 21, 1923.*