198

KENNETH M. WIGGINS *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* EDWARD F. MORGAN, JR., Defendant and Counterplaintiff-Appellant.

Second District   No. 76-21

Opinion filed December 14, 1977.

David Stall, of Sundheim & Stall, of Chicago, for appellant.

S. Louis Rathje, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Edward Morgan, appeals from a judgment of the Circuit Court of Du Page County in a declaratory judgment action brought by plaintiffs, Kenneth and Aline Wiggins. The trial court determined that a contract to purchase real estate executed by defendant and Kenneth Wiggins did not entitle defendant to specific performance by conveyance of the undivided one-half interest in the property held by Kenneth Wiggins in joint tenancy with his wife, Aline, who did not join in the contract.

Mr. and Mrs. Wiggins purchased the 15.4-acre parcel of real estate located in the unincorporated area of Du Page County near Wheaton, Illinois, in about 1950. They located their home on the property but, other than their house and appurtenant buildings, the acreage was generally undeveloped. Mrs. Wiggins suffered a severe stroke in 1970 which affected her speech and impaired her ability to walk and to use her right arm. Mr. Wiggins had retired from his employment in 1970 at the age of 55 and suffered chronically from diabetes, hypertension and emphysema. Plaintiffs' two adult children resided outside Illinois. In about 1970, in part because of their deteriorating physical condition, plaintiffs decided to sell all 15.4 acres of the property, including their home, and listed it with realtors at a sale price of $175,000.

Defendant was a next-door neighbor to plaintiffs having his home on an adjacent parcel of land which he had purchased from them in about 1960. Defendant learned from a real estate agent that plaintiffs were considering the sale of their property and was shown a listing agreement

which named both Kenneth and Aline Wiggins as the owners of the property. Although at first defendant was only interested in purchasing a portion of the Wiggins' property directly next to his own to serve as a buffer between his personal residence and the possible future residential development which was likely to occur on the Wiggins' tract, he subsequently became interested in buying the entire 15.4 acres and developing it himself for sale for residential purposes. To that end defendant undertook an investigation of the costs entailed and the feasibility of developing the property. Because of the investment in engineering fees and similar costs being made by him, defendant believed he ought to have some protection; in November 1972 he and Kenneth Wiggins executed a document prepared by defendant which was entitled "Option to Purchase Real Property" but the terms of which, in fact, only allowed Morgan the right of first refusal to purchase the Wiggins' property. It provided that should Kenneth Wiggins receive an offer from a third party for the sale of the land he agreed to first allow Morgan to purchase it at that same sum if he wished to do so. Morgan paid $10 to Kenneth Wiggins as consideration to bind the agreement. It had no date of expiration and was not executed by Aline Wiggins, although she was present in their home at the time it was signed and the agreement described all of the real estate owned by Kenneth and Aline Wiggins.

In June of 1973 Mrs. Wiggins moved to Virginia, where their daughter resided, as her health was deteriorating, while Mr. Wiggins remained in their Wheaton home to continue in his efforts to sell the property.

In May of 1973, Morgan delivered to Kenneth Wiggins a second contract which is the subject of this appeal. Mr. Wiggins testified he kept it in a drawer in his home without reading it, as he had broken his glasses, and, although Morgan regularly requested that he sign it, he did not do so until August 13, 1973, when he did go over it with Morgan and they both executed the contract. The document had three signature lines: the top line contained Kenneth Wiggins' signature and his name was typed beneath it, the second line was blank and a third line contained defendant's signature with his name typed beneath it. Defendant had discussed the contract in a general way with plaintiffs' son, Kenneth Wiggins, Jr., who was a stock option specialist and somewhat knowledgeable on the subject of option agreements, although Wiggins, Jr., did not see the contract prior to its execution by his father. During these conversations Wiggins, Jr., had suggested to Morgan that he, the son, might become or was the trustee of a trust set up for his parents and that he had the power to act on his mother's behalf. In fact, the trust did not give the son this power but was a matter simply discussed in the family for consideration should her condition worsen. This document, also entitled "Option to Purchase Real Property" as was the earlier

contract, was for a term of six months and provided defendant with the option during that period to purchase all of the property for the sum of $125,000 and, as had the earlier agreement, it described all 15.4 acres of land owned jointly by Kenneth and Aline Wiggins. An additional $10 consideration was given by Morgan for this agreement and it was never executed by Aline Wiggins.

In October of 1973 Kenneth Wiggins received an offer to purchase the property from a third party for $200,000 and he then requested of Morgan that he be released from the option contract so that he could accept that offer. Defendant refused to do so and tendered to Kenneth Wiggins the purchase price of $125,000, as provided in the option agreement, which Wiggins refused to accept.

This declaratory judgment action was subsequently brought by plaintiffs apparently seeking to clear from the title the cloud imposed thereon by the recorded option contract between Kenneth Wiggins and Morgan to which we have referred. It requested that the contract be declared null and void and that Morgan be declared to have no right, title or interest in the property; in addition, plaintiffs sought unspecified money damages from Morgan based upon alleged misrepresentations by defendant to Kenneth Wiggins as to the contents and purpose of the second option to purchase agreement signed by defendant and Kenneth Wiggins. Defendant counterclaimed for specific performance against both Kenneth and Aline Wiggins, and, alternatively, sought specific performance against Kenneth Wiggins only for conveyance of the undivided one-half interest in the real estate owned by him with the purchase price to be abated proportionately. The counterclaim also sought specific performance against Aline Wiggins, and, alternately, money damages for funds expended by Morgan in studying the feasibility of developing the property. After hearing, the trial court found in favor of plaintiffs and denied defendant's counterclaim for specific performance of the contract by the conveyance of any or all portions of the land. The trial court based its decision, in part, on its finding that there had been material misrepresentations by defendant as to the contents and purpose of the contract sued upon which had been relied upon by Kenneth Wiggins and did induce him to enter into the contract with Morgan. The court further determined that it was the intention of the parties that all 15.4 acres and the interests of both owners of the property be sold and that the contract was conditioned upon Aline Wiggins' execution of it so that the whole tract could be conveyed to Morgan or none at all. The trial court reserved for further hearing the question of the claim for damages made by plaintiffs.

On appeal defendant concedes that Aline Wiggins cannot be bound in any way by the agreement executed only by her husband and that

defendant is entitled to no relief whatsoever against her in this action. While it is clear defendant knew the property was owned by Kenneth and Aline Wiggins, as joint tenants, he nevertheless contends that specific performance should have been granted to him requiring the conveyance by Kenneth Wiggins of the undivided one-half interest owned by him in the real estate, relying primarily on *Ennis v. Johnson* (1954), 3 Ill. 2d 383, 121 N.E.2d 480, in which the court held, on the facts in that case, that specific performance of the contract to convey real estate would be granted in accordance with the terms of the written agreement as to whatever title the vendor might have in the property, with a proportionate abatement of the purchase price where the total interest conveyed is less than that agreed upon with vendee. See also *Moore v. Gariglietti* (1907), 228 Ill. 143, 81 N.E. 826.

There have been but few occasions in which the Illinois courts have considered whether a joint tenant may be compelled to convey his interest in joint tenancy property where the contract for such conveyance has not been signed by his co-tenants, and the cases are somewhat difficult to reconcile. In *Spadoni v. Frigo* (1923), 307 Ill. 32, 138 N.E. 226, plaintiff sought specific performance of the interest in real estate of a husband who held the property in joint tenancy with his spouse where only the husband had entered into the contract for sale to plaintiff. The court noted that both husband and wife lived in the home which they owned as joint tenants and determined that the acceptance of plaintiff's offer by the husband was implicitly conditioned upon the wife's consent, which she never gave, and that plaintiff, who had known the property was held in joint tenancy, could not then compel conveyance of the husband's interest as there was no binding contract between the parties. In *Madia v. Collins* (1951), 408 Ill. 358, 97 N.E.2d 313, the court denied specific performance sought by plaintiff to compel the conveyance of defendant's interest in certain business real estate owned by defendant and the estate of her deceased sister. Only defendant had signed the contract for the sale of the property to plaintiff, and the trustee of the sister's estate declined to accept plaintiff's offer when requested to do so. Plaintiff sought specific performance against both owners and, alternately, against the defendant who did accept plaintiff's offer to purchase for conveyance of her interest in the land with a proportionate abatement of the purchase price. The court held that plaintiff, knowing the property was held by co-owners, made his offer to purchase to both owners for all interest in the real estate, stating:

> "Without the signature of both owners, no contract was formed, and there could be no breach upon which plaintiff could base an action for specific performance. [Citations.] One cannot have specific performance in such case where the contract contemplates

the sale of all the interest in the property contracted for, or none. [Citation.]" *(Madia v. Collins* (1951), 408 Ill. 358, 362, 97 N.E.2d 313, 316.)

Again, in *Dineff v. Wernecke* (1963), 27 Ill. 2d 476, 482, 190 N.E.2d 308, 311, the court declined to enforce a contract for the sale of real estate owned by a brother and sister where only the sister had executed the sales contract, stating:

> "The fact that Louis R. Wernecke did not sign any contract with the plaintiffs makes the contract unenforceable against Elsie Wernecke since the negotiations for the purchase of the property were intended to be with Elsie Wernecke and Louis R. Wernecke jointly. Plaintiffs intended to purchase the interests of both parties, not separate interests."

In the instant case the trial court found that it was the intention of all parties that Morgan purchase all of the real estate owned by Kenneth and Aline Wiggins. We believe the evidence well supports that conclusion; defendant wished to acquire the entire interest of both plaintiffs in the 15.4 acres of land to carry out his development and for buffer purposes. He expended considerable sums of money for feasibility studies to that end all of which contemplated developing the total tract of land. Kenneth Wiggins clearly intended that he and his wife dispose of all their interest in the 15.4 acres. All of it had been listed for sale before Morgan came onto the scene and the evidence cannot support a finding that Kenneth Wiggins intended to sell only his interest in the property to Morgan leaving his invalid and then absent wife as co-tenant with defendant, nor can it be said Kenneth Wiggins intended to enter into a completed contract with Morgan regardless of whether or not his wife also consented to do so. The record in this case does not disclose whether the offer to purchase was submitted to Aline Wiggins for her acceptance, although there is some evidence she was aware of the offer and stated to her son the suggested purchase price was too low. The fact that a third signature line was provided on the document by Morgan suggests he hoped that either Aline Wiggins or, possibly, her son, as trustee, might accept the offer, but that never occurred.

We have concluded that in the absence of an acceptance of defendant's offer by Aline Wiggins, who was known to him to be a joint tenant owner of the real estate, no contract was formed which was binding on either Kenneth or Aline Wiggins and specific performance of the lesser interest of Kenneth Wiggins in that real estate may not be directed.

The trial court also determined that specific performance must be denied because of alleged misrepresentations of the terms and meaning of the contract made by Morgan to Kenneth Wiggins and his son inducing Wiggins to execute the contract. We do not find sufficient support for that

finding in the record of this case and that portion of the trial court's order will be reversed as against the manifest weight of the evidence.

For the reasons we have discussed, we affirm the judgment of the Circuit Court of Du Page County declaring defendant to have no interest in plaintiffs' land, the recorded option contract to be null and void and dismissing defendant's counterclaim for want of equity. We reverse that portion of the judgment continuing for further hearing the issue of plaintiffs' damages based upon defendant's alleged misrepresentations.

Affirmed in part; reversed in part.

RECHENMACHER, P. J., and BOYLE, J., concur.