FLOYD D. PERKINS *et al.*, Plaintiffs-Appellants, v. MARIA L. GARCIA *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—89—1767

Opinion filed February 9, 1990.

Floyd D. Perkins and John F. Eichler, both of Chicago, for appellants.

Brian M. Collins, of Magee, Collins & Lodge, of Chicago, for appellees.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

This action was brought by plaintiffs, Floyd D. Perkins and Lawrence Dakof, seeking specific performance and damages under a real estate sales contract between plaintiffs and defendant, Maria L. Garcia. The circuit court granted summary judgment in favor of defendant on count I of the amended complaint, which requested specific performance of the real estate sales contract. Plaintiffs appeal the denial of specific performance of the contract. Only plaintiffs and defendant Garcia are parties to this appeal.

Plaintiffs filed a six-count complaint against defendant, the seller under the real estate sales contract, and codefendants, the real estate brokers with whom the property had been listed. Counts I, II, and III

of the complaint were directed against defendant. In count I, plaintiffs requested specific performance of the sales contract. In counts II and III, plaintiffs sought damages for breach of contract and for fraud.

Plaintiffs and defendant filed cross-motions for summary judgment, supported by affidavits and excerpts from the transcript of the deposition of defendant. The affidavits and deposition transcript before the trial court established that the subject property, located at 1540 West Wrightwood in Chicago, Illinois, was owned by defendant and Gaspar Gomez in joint tenancy. On January 14, 1986, defendant listed the subject property with the codefendants real estate brokers. The sale price of the property on the listing was $71,900. Defendant was the only signatory to the listing agreement.

On February 9, 1986, plaintiffs submitted an offer to purchase the property for $66,000. Thereafter, defendant accepted the plaintiffs' offer by signing her name and that of Gaspar Gomez, without his authority, to the sales contract. Codefendants then advised plaintiffs that defendant had signed the contract and accepted plaintiffs' $5,000 in earnest money. Plaintiffs subsequently relinquished their apartment lease, sought financing for the purchase of the property, and retained an architect to develop plans for remodeling.

After defendant had signed the contract submitted by plaintiffs, she learned that the property was worth more than the contract price and that comparable properties in the neighborhood were selling for substantially more money. Near the end of February 1986, defendant informed plaintiffs that she did not wish to complete the sale of the property as agreed because the price was too low. Defendant also advised plaintiffs that she had signed Gomez's name to the contract without his authority or agreement to sell the property. Gomez, who did not reside on the property, had not authorized or agreed with defendant to list the property for sale in January 1986.

Plaintiffs' motion for summary judgment requested that the court enter an order for specific performance under the real estate sales contract, compelling defendant to convey to them her undivided one-half interest in the property with an abatement in the purchase price of $33,000. Plaintiffs' motion also sought entry of an order awarding compensatory and punitive damages and attorney fees based upon defendant's alleged breach of contract and fraud. Defendant's motion for summary judgment requested that the court enter an order denying specific performance under the contract based upon Gomez's refusal to agree to the sale and denying damages based upon fraud.

After a hearing on the parties' motions for summary judgment,

the trial court denied plaintiffs' motion as to counts II and III of the amended complaint, finding that genuine issues of material fact existed as to defendant's alleged breach of contract and fraud. Although the trial judge did not enter a finding as to whether there was a valid and enforceable contract between plaintiffs and defendant, he denied plaintiffs' motion and granted defendant's motion as to count I. The trial court determined that a grant of specific performance would affect the interests of Gomez, who had not signed the contract and had not consented to the sale or listing of the property.

The only issue before this court is whether the trial court erred in granting summary judgment in favor of defendant on count I, which sought specific performance under the real estate contract.

█▌ █ Initially, it must be noted that specific performance may only be granted where there is a valid and enforceable contract. (*Chicago Investment Corp. v. Dolins* (1981), 93 Ill. App. 3d 971, 418 N.E.2d 59.) Questions of contractual validity or interpretation are matters of law for the court to decide. (*Northern Illinois Construction Co. v. Zale* (1985), 136 Ill. App. 3d 822, 824, 483 N.E.2d 1013, 1015.) Defendant argues that summary judgment denying specific performance was proper because there was a dispute between the parties as to whether the contract was valid and enforceable. As the trial court indicated, the contract was not binding on Gomez because he never signed it or agreed to its terms. (See *Spadoni v. Frigo* (1923), 307 Ill. 32, 138 N.E. 226; *Wiggins v. Morgan* (1977), 55 Ill. App. 3d 198, 371 N.E.2d 127.) Defendant, however, did sign the contract and stated in her affidavit that she did so because she believed that this was the best bargain she could strike. Defendant also signed Gomez's name, without his authority, to the contract because she wanted to sell the property and because she believed plaintiffs would withdraw their offer if it was not accepted quickly. Plaintiffs assert that defendant cannot now claim that, by virtue of her signing of Gomez's signature, there was no valid contract. See generally *Yale Development Co. v. Oak Park Trust & Savings Bank* (1975), 26 Ill. App. 3d 1015, 325 N.E.2d 418.

█▌ █ The adverse effect of specific performance on third persons is an appropriate factor to be considered by the court in determining whether the discretionary relief of specific performance is to be granted. (See generally *White v. Lang* (1948), 401 Ill. 219, 81 N.E.2d 897; *Spadoni*, 307 Ill. 32, 138 N.E.2d 226.) The decision of whether to grant specific performance is a matter of sound judicial discretion controlled by established principles of equity, and that determination will not be disturbed absent an abuse of discretion. (*Chariot Holdings,*

*Ltd. v. Eastmet Corp.* (1987), 153 Ill. App. 3d 50, 56, 505 N.E.2d 1076, 1081; *Thread & Gage Co. v. Kucinski* (1983), 116 Ill. App. 3d 178, 185, 451 N.E.2d 1292, 1297.) Thus, although a court of equity may, at the option of the purchasers, order specific performance of a contract to convey property so far as the vendor is able to perform, with an abatement in the purchase price (*Schiro v. W.E. Gould & Co.* (1960), 18 Ill. 2d 538, 165 N.E.2d 286; *Ennis v. Johnson* (1954), 3 Ill. 2d 383, 121 N.E.2d 480; *Grill v. Adams* (1984), 123 Ill. App. 3d 913, 463 N.E.2d 896), the court must also take into consideration the facts and circumstances of each individual case and must balance the equities between the parties (*Giannini v. First National Bank* (1985), 136 Ill. App. 3d 971, 483 N.E.2d 924).

■■ ■ Because the trial court had not determined whether the contract was valid and enforceable against defendant, we find that the entry of summary judgment denying specific performance was premature.

Summary judgment is proper only where the pleadings, depositions, admissions, and affidavits demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) In the absence of a determination as to whether the contract was valid and enforceable against her, we find that defendant had not established that she was entitled to judgment as a matter of law, and the entry of summary judgment in her favor was premature.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA and RAKOWSKI, JJ., concur.