FRANK BASDEN *et al.*, Plaintiffs-Appellants, *v.* FRED FINCK *et al.*, Defendants-Appellees.

Fifth District    No. 81-188

Opinion filed April 27, 1982.

Gail R. Gisy, of Suddes, Davis & Wittman, P. C., of Jerseyville, for appellants.

Ronald C. Mottaz and Linda L. Zazove, both of Thomas, Mottaz & Eastman, of Alton, for appellees.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, Frank Basden and Louise Basden, brought an action for specific performance of a contract for the sale of real estate and for punitive damages against defendants, Fred Finck and Clarice Finck, in the circuit court of Madison County. Defendants filed a motion to dismiss, and the trial court granted the motion, finding that the contract was not capable of being specifically performed. Plaintiffs filed a post-trial motion under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3) requesting that the trial court set aside and vacate the dismissal order or, in the alternative, grant leave of court to allow plaintiffs to file an amended complaint. The trial court denied the motion and this appeal ensued.

On May 5, 1979, plaintiffs filed a complaint seeking specific performance of an alleged contract for the sale of a parcel of real estate. The complaint alleges that on or about October 7, 1975, the parties executed a written contract for the purchase and sale of certain real estate owned by the defendants. Appended to the complaint was a copy of the sales contract. The contract recited the total consideration of $15,260 with $500 to be held as earnest money to be applied toward the purchase of property "known as Lot 23 Delhi Farms" situated in Jersey County, Illinois. The contract further described the parcel as follows:

> "This sale to include the west portion of Lot 24 containing lake property lines to be established by mutual consent and survey between buyer and seller. This contract subject to the same conditions as contract offers on Lots 21 & 22."

The contract provided that the balance would become due upon delivery of warranty deed. Also appended to the complaint was the sales contract for Lots 21 and 22. This contract was made on the express conditions that plaintiff sell his house and secure financing for the purchase.

On April 9, 1979, defendants filed a motion to dismiss on the ground that the contract was not capable of being specifically performed in that it was unclear, uncertain and indefinite in terms of the property to be conveyed and that the contract was incomplete because it required further negotiations or agreements. Defendants further asserted that the contract for warranty deed, referred to in the sales contract, was never entered into by the parties. On November 21, 1980, arguments were had and the trial court entered an order requesting the parties to submit briefs. Defendants filed a brief in support of the motion but plaintiffs did not. On January 29, 1981, the trial court entered an order dismissing the cause for the following reasons:

> "1) that the parties did not enter into the contract for deed referred to in the sales contract.

2) that the contract in question is vague and indefinite as to the description of the real estate to be conveyed.

3) that said contract was not complete as to its terms and would require further agreements between the parties.

4) that said contract is not capable of being specifically performed."

On February 25, 1981, plaintiffs filed a post-trial motion requesting the trial court to set aside and vacate the above order or, in the alternative, to grant leave to allow plaintiffs to file an amended complaint. Attached to the motion was a survey of Lot 23 and portions of Lots 24 and 25. In their brief in support of the section 68.3 motion, plaintiffs argue that the elements necessary for specific performance are present in the instant case. Specifically, plaintiffs argue that the parties had the attached boundary survey conducted which sets forth and identifies the property in question in detail. It is apparent that plaintiffs also argued that because the $500 down payment had been made and plaintiffs had taken possession of the property, that they had partly performed and therefore the contract could be specifically enforced. On April 9, 1981, the trial court entered an order denying plaintiffs' motion. From that order, plaintiffs take this appeal.

■■ We note at the outset that in their section 68.3 motion, plaintiffs requested the trial court to grant leave to amend the complaint. A motion for leave to amend a pleading is not a proper post-judgment motion. (*People ex rel. Endicott v. Huddleston* (1975), 34 Ill. App. 3d 799, 340 N.E.2d 662.) After judgment, a pleading may be amended only to conform the pleadings to the proofs. (*Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873; Ill. Rev. Stat. 1979, ch. 110, par. 46(3).) In the instant case, the dismissal of the cause of action was a final order disposing of the case and, therefore, the request for leave to amend in plaintiffs' section 68.3 motion was not proper post-judgment relief and was correctly denied.

While the parties raise additional issues, it is apparent that the primary dispute in this litigation involves the description of the parcel of real estate which is the subject matter of the contract for sale. Plaintiffs argue that the description of the parcel is definite and certain and thus, capable of being specifically performed. Defendants contend that the description is insufficient in that it is vague, indefinite, patently ambiguous, and subject to further negotiations.

■■ A contract for the sale of land must definitely point out the particular land to be conveyed or must furnish the means of identifying it with reasonable certainty before a court will order specific performance. (*Daytona Gables Development Co. v. Glen Flora Investment Co.* (1931), 345 Ill. 371, 178 N.E. 107.) A description of land is sufficient if it furnishes

the means of identifying the land with such certainty that a surveyor, by the aid of extrinsic evidence, can locate the property. (*Bliss v. Rhodes* (1978), 66 Ill. App. 3d 895, 384 N.E.2d 512.) It is undisputed that the property to be conveyed is Lot 23 and a portion of Lot 24. The disputed part of the description is that the portion of Lot 24 to be included contains "lake property lines to be established by mutual consent and survey." Defendants argue that the requirement of "mutual consent" renders the description uncertain and indefinite and thus incapable of being specifically performed. We agree.

■■ The parties had a survey conducted of the relevant property, and this was attached to plaintiffs' section 68.3 motion. While we have some doubt as to the propriety of attaching the survey to the motion inasmuch as it was discoverable prior to dismissal by the exercise of ordinary diligence (see *People v. Catholic Home Bureau* (1966), 34 Ill. 2d 84, 213 N.E.2d 507), we note that even with the aid of the survey, the contract still requires "mutual consent" in order to fix the boundary line and it is undisputed that no agreement has been reached. This renders the description of the land insufficient because even a surveyor, with the aid of extrinsic evidence, would be unable to locate the property constituting the subject matter of the contract. The boundary line and thus the extent of the property to be conveyed can only be established by the "mutual consent" of the parties.

Plaintiffs also assert that the only dispute in the instant case involves that part of the real estate located on Lot 24 and, therefore, specific performance is available as to Lot 23. Plaintiffs cite *Work v. Welsh* (1896), 160 Ill. 468, 43 N.E. 719, for the proposition that a court of equity will not deny all relief under a bill for specific performance where a part of the land agreed to be conveyed can be located and identified by proper description. It is interesting to note that in *Work*, specific performance was granted as to that portion of the real estate upon which improvements had been made by the purchaser. Our research reveals that the proposition, as cited in *Work*, has been applied to cases of joint tenancies between husband and wife where only one had signed the contract (*Ennis v. Johnson* (1954), 3 Ill. 2d 383, 121 N.E.2d 480) and where the seller did not own the entire parcel which constituted the subject matter of the agreement (*Moore v. Gariglietti* (1907), 228 Ill. 143, 81 N.E. 826). However, we have found no Illinois case which involved the application of this rule under facts similar to those presented in the instant case.

■■■ The remedy of specific performance rests within the sound discretion of the trial court and is to be determined from all surrounding facts and circumstances of the individual case. (*Fitzpatrick v. Allied Contracting Co.* (1962), 24 Ill. 2d 448, 182 N.E.2d 183; *Bliss v. Rhodes* (1978), 66 Ill. App. 3d 895, 384 N.E.2d 512.) The granting or denial of a section 68.3

motion is also a discretionary matter. (*Freeman v. Augustine's Inc.* (1977), 46 Ill. App. 3d 230, 360 N.E.2d 1245.) We note that in the instant case, plaintiffs did not request such relief in their complaint as is now urged on appeal. In light of the foregoing, we cannot find that the trial court abused its discretion in denying plaintiffs' motion to set aside and vacate its order dismissing plaintiffs' cause of action. The judgment of the Circuit Court of Madison County is, accordingly, affirmed.

Affirmed.

WELCH and HARRISON, JJ., concur.