HERBERT P. FOLKERS, JR., et al., Plaintiffs, v. DROTT MANUFACTURING COMPANY, et al., Defendants (Imperial Crane Services, Inc., Third-Party Plaintiff-Appellant; Clark Painting Company, Third-Party Defendant-Appellee).

First District (4th Division)   No. 85—2867

Opinion filed January 22, 1987.—Rehearing denied February 24, 1987.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Mark C. Amador, of counsel), for appellant.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Richard W. Schumacher, and Lloyd E. Williams, Jr., of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Imperial Crane Services, Inc. (Imperial), brings this appeal challenging two orders issued by the trial court in connection with Imperi-

al's third-party complaint against Clark Painting Company (Clark). Imperial filed its third-party complaint against Clark after Imperial was sued by Herbert and Carolyn Folkers. Herbert was an employee of Clark and sustained injuries while operating a crane leased by Imperial to Clark. In its complaint, Imperial sought indemnity from Clark for any damages that Imperial might be ordered to pay as a result of the Folkers' lawsuit.

Upon Clark's motion, the trial court dismissed all four counts of Imperial's third amended, third-party complaint against Clark. In addition, the trial court subsequently refused to vacate the order and also refused to permit Imperial to file a fourth amended, third-party complaint against Clark.

Imperial now seeks reversal of the trial court's orders. Specifically, Imperial contends that the trial court erred in: (1) ruling that counts I through IV of Imperial's third amended, third-party complaint against Clark fail to state a cause of action under the common law doctrines of express and implied indemnity[1], and (2) refusing to subsequently vacate that order or, in the alternative, refusing to allow Imperial to file a fourth amended, third-party complaint against Clark.

We affirm in part, and reverse and remand in part.

BACKGROUND

This appeal follows the trial court's ruling that Imperial's third amended, third-party complaint fails to state a cause of action under Illinois law. Accordingly, we must accept as true all of Imperial's well pleaded allegations and must draw all reasonable inferences in its favor. *Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 341 N.E.2d 13.

Imperial's complaint is comprised of four counts. Count I is based on an implied-indemnity theory. In count I, Imperial avers that plaintiffs, Herbert and Carolyn Folkers, have instituted an action seeking damages from Imperial for personal injuries Herbert sustained while operating a crane owned by Imperial and leased to Clark, Herbert's employer. In the Folkers' complaint, Imperial is charged, *inter alia*, with negligently repairing the crane in breach of its duty to maintain the crane in proper working condition. This negligent repair, according to the Folkers' complaint, allegedly resulted in Herbert's injury.

Count I further states that prior to Herbert's accident, Imperial and Clark entered into a "Crane Rental Contract" (the rental con-

---

[1]This action arose before March 1, 1978, and the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 301) is therefore not applicable.

tract). Imperial claims that the crane involved in Herbert's accident was in good operating condition on August 9, 1977, the date on which the rental contract was entered into.

Imperial contends that the crane was rented to Clark for nonconstruction work purposes only and that the crane had been used by Clark in its plant yard prior to Herbert's accident. Imperial points out that under the rental contract, specifically paragraph 2 of section 15, Clark assumed sole custody and control of the crane and affirmatively undertook to maintain the crane throughout the life of the rental contract. Imperial further asserts that the accident causing Herbert's injuries was not the result of Imperial's negligent repairs (prior to entering into the rental contract), but instead was the result of Clark's failure to repair and maintain the crane after August 9, 1977, pursuant to its obligations under paragraph 2, section 15 of the rental contract.

Imperial argues that based on the foregoing, it is a passive tortfeasor with respect to the Folkers and that Clark, who had sole custody and control of the crane for four months prior to the accident, is the active tortfeasor whose acts caused the injury to Herbert Folkers. With that being the case, Imperial seeks recovery from Clark for any judgment that may be levied against it as a result of the Folkers' action.

Count II of Imperial's complaint seeks recovery based on an express-indemnity theory. Imperial asserts that under the rental contract, Clark expressly undertook to indemnify and hold harmless Imperial from "all liabilities, claims *** for bodily injury *** occasioned by the operation *** of *** the equipment *** during the rental period *** while said equipment *** is in the possession of, under the custody and control of Lessee (Clark) *** made by any person *** including employees *** of the lessee *** caused by any act or omission or commission, negligent or otherwise, of the Lessee *** or of the lessor."

It is Imperial's position that based on the above provision (paragraph 15 of the rental contract), Imperial is entitled to indemnity from Clark should a judgment be rendered against Imperial as a result of the Folkers' action.

Count III is also based on an express-indemnity theory. Under count III, however, Imperial alleges that should paragraph 15 be found to be invalid, nevertheless, the remaining portions of paragraph 15 "clearly and unequivocally represent a valid and enforceable indemnity agreement by Clark to Imperial."

Count IV likewise seeks recovery from Clark based on an express-

indemnity theory. Count IV, however, relies on paragraph 5 of the rental contract rather than paragraph 15. Imperial claims that under paragraph 5, Clark agreed to "pay all claims and damages arising from *** the use (or) handling of said *** equipment, whether from injuries to person or property." Consequently, according to Imperial, Clark promised to indemnify Imperial for any judgment rendered against it in a lawsuit such as that instituted by the Folkers' action.

On February 26, 1985, the trial court dismissed all four counts of Imperial's third amended, third-party complaint. Soon thereafter, Imperial moved to vacate the trial court's dismissal order. Imperial claimed in its motion to vacate that its fourth amended, third-party complaint contained allegations that stated legally recognizable causes of action. In addition, Imperial informed the trial court that count IV of the fourth amended, third-party complaint would also allege that Clark breached the rental contract by failing to get public liability insurance as required by the rental contract.

On August 25, 1985, the trial court denied Imperial's motion to vacate. The trial court found that no new evidence or case law had been supplied to the court. In addition, the trial court ruled that it lacked jurisdiction to allow the filing of new matters not previously filed prior to the February 26, 1985, dismissal order and that, as a result, the trial court could not permit Imperial to file a fourth amended, third-party complaint.

Imperial now brings this appeal contending that: (1) the trial court erred in dismissing counts I through IV of Imperial's third amended, third-party complaint, and (2) the trial court erred in not permitting Imperial to file a fourth amended, third-party complaint.

OPINION

I

We first address Imperial's claim that the trial court erred in dismissing counts I through IV of its third amended, third-party complaint.

Taking first count I, it is Imperial's position that the allegations contained therein are sufficient to state a cause of action in implied indemnity. Imperial points out that count III of the Folkers' complaint (against Imperial) alleges that Imperial was negligent in repairing and/or maintaining the crane involved in Herbert's injury. Imperial further states that in count I of *its* third-party complaint (against Clark), Imperial charges that it was Clark's contractual duty to repair and/or maintain the crane and that it was Clark's negligent repairs,

not Imperial's, which lead to Herbert's injury. It is Imperial's contention, therefore, that it is Clark's negligence rather than Imperial's that constitutes the basis of the Folkers' lawsuit. Imperial argues that based on the foregoing, Clark is the active tortfeasor whereas Imperial is merely a passive tortfeasor.

■ To state a cause of action for indemnity, a third-party complaint must allege: (1) a pretort relationship between the third-party plaintiff and the third-party defendant, and (2) a qualitative distinction between the conduct of the third-party plaintiff and the third-party defendant. *Van Slambrouck v. Economy Bailer Co.* (1985), 105 Ill. 2d 462, 475 N.E.2d 867.

In the case at bar, it is clear that a pretort relationship existed between Imperial and Clark. Prior to leasing the crane to Clark, Imperial and Clark executed the rental contract placing certain duties and responsibilities on each of the parties. It is one of these contractual duties, namely, the repair and/or maintenance of the crane, that constitutes the crux of the parties' dispute. Accordingly, Imperial's complaint for indemnity satisfies the first element. Accord, *Blaszak v. Union Tank Car Co.* (1962), 37 Ill. App. 2d 12, 184 N.E.2d 808.

■ With regard to the requirement of a qualitative distinction between the conduct of the parties, a review of relevant case law reveals that whether this element is present depends not only on what is alleged in the indemnity action, but also on the allegations contained in the plaintiff's complaint. Where the plaintiff's allegations address conduct which is solely attributable to the defendant, indemnity is generally denied. (See, *e.g., Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.) Where, however, the plaintiff's allegations attack conduct which, because of a pretort relationship, could be attributable to the defendant or a third-party, the defendant has been permitted to join the third-party and thereby seek indemnity. See, *e.g., Blaszak v. Union Tank Car Co.* (1962), 37 Ill. App. 2d 12, 184 N.E.2d 808.

The distinction set forth above is most clear in those circumstances where a plaintiff seeks recovery for an injury allegedly caused by a defective product. In *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516, for example, the plaintiff alleged that his injury resulted from:

> "the defendants' careless and negligent design, manufacture, assemblage and distribution of a defective scaffold in that the scaffold device had inadequate cables and cable guides *** and [that the defendants] had not adequately tested and inspected the system prior to selling it to C.H.A. [third-party defendants]

or warned of the defective condition of the cables." 57 Ill. 2d 542, 543, 316 N.E.2d 516.

The plaintiff in *Burke* also alleged, based on a theory of strict liability, that the scaffold system "had been defectively designed, manufactured and distributed so as to create an unreasonable danger to the users thereof." 57 Ill. 2d 542, 544, 316 N.E.2d 516.

These allegations reveal that the plaintiff in *Burke* was attacking the condition of the product at the time it left the defendant-manufacturer's control, rather than the condition of the product at the time of the injury. Thus, in such a case, the only issue for the jury is whether the scaffold was poorly designed and/or manufactured (or unreasonably dangerous with regard to the product liability theory) at the time the product left the manufacturer's control. (*Miller v. Verson Allsteel Press Co.* (1984), 126 Ill. App. 3d 935, 467 N.E.2d 983.) Any subsequent repairs or alterations to the product may constitute a defense for the manufacturer if the repair or alteration directly resulted in the plaintiff's injury. *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.

However, because the method of repair or alteration is not placed at issue by the plaintiff's allegations, the person or entity performing the repair or alteration should not be brought into the lawsuit via an indemnity action; this follows from the fact that the repairer or alterer had nothing to do with the product prior to the product leaving the manufacturer's control. (Accord, *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.) Accordingly, because the repairer took no part in the key act, namely, the design and manufacture of the product, it is only proper that the manufacturer be denied the right to seek indemnity from the repairer for it was not the repairer's acts which are claimed by the plaintiff to have been the cause of the plaintiff's injuries.

The situation is different, however, when the plaintiff's allegations address a condition or defect which could have existed at the time the product left the defendant's control or, in the alternative, which could have been created through the subsequent acts of an independent third party. The case of *Blaszak v. Union Tank Car Co.* (1962), 37 Ill. App. 2d 12, 184 N.E.2d 808, is a prime example.

In *Blaszak*, the plaintiff alleged, *inter alia*, that the defendant leased a tank car to the lessee (the plaintiff's employer) in an unclean condition thereby causing unnecessary pressure to accumulate and resulting in the tank car's lid blowing off. The lessor and the lessee had previously entered into a "Car Service Agreement" which obligated the lessee to clean and maintain the tank cars while the tank cars re-

mained in the lessee's possession. Thus, the dangerous condition at issue, namely, the unclean condition of the tank cars, could have existed at the time the tank cars left the lessor's control or, equally as likely, could have been created through the lessee's subsequent failure to properly clean the tank cars (pursuant to the car service agreement). The plaintiff in *Blaszak* did not complain of acts exclusively within the control of the defendant (*i.e.*, the design or manufacture of the tank car); rather, the alleged acts of negligence could have resulted either from the lessor's or the lessee's conduct. Accordingly, because the likelihood existed that the injury could have been caused by the acts of either party, the lessor was permitted to seek indemnity from the lessee for any damages awarded to the plaintiff. *Blaszak v. Union Tank Car Co.* (1962), 37 Ill. App. 2d 12, 18, 184 N.E.2d 808.

Count III of the Folkers' second amended complaint seeks recovery from Imperial based on a negligence theory. The Folkers assert that Imperial owed a duty "to the users of said (crane) *** to service, repair, and maintain the crane in a reasonably safe manner in light of the foreseeable and expected uses of the crane." Count III further alleges that Imperial carelessly and negligently repaired, maintained, and serviced the crane and that Herbert Folkers suffered his injuries as a result thereof. Count III of the Folkers' complaint does not attack the design or manufacture of the crane (as does count II, which is not at issue in this appeal), nor does count III attack the condition of the product at the time it left the manufacturer's control (as does count I, which is also not at issue in this appeal). Instead, count III merely questions the quality of the services, repairs, and maintenance provided to the crane prior to the accident.

When Imperial leased the crane to Clark, Imperial and Clark entered into an agreement whereby Clark assumed the duty to service and maintain the crane while the crane remained in Clark's possession. Clark obtained possession of the crane four months before the Folkers' accident occurred. Clark, therefore, had a duty to service and maintain the crane during that four-month period. The problem, however, is that we cannot determine from the record whether the negligent servicing and repairs occurred before Clark obtained possession of the crane (and are therefore attributable to Imperial) or whether they were performed by Clark during the four-month period after it took possession of the crane.

The important point disclosed by the analysis set forth above is that there exists a qualitative distinction between what is alleged in the Folkers' complaint and what is alleged in Imperial's third-party complaint. This distinction stems from the elementary fact that the

negligent repair or service leading to the Folkers' lawsuit could only have been performed either before the crane was rented to Clark or after the beginning of the rental period. This is not a case where both Imperial or Clark could be responsible for creating the negligent condition (see, *e.g., Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, 322 N.E.2d 58); instead, because of the pretort relationship created by the rental contract, only one of the parties was responsible for the condition caused by the negligent service and/or maintenance of the crane. Put differently, Imperial owed a duty to properly maintain and/or service the crane prior to renting it to Clark. Clark, on the other hand, assumed the duty (via the rental contract) to service and/or maintain the crane after taking possession of it. Which party in fact performed the repair causing injury is for the jury to decide.

██ In sum, we are unable to determine at the pleading stage whether it was Imperial's negligence that lead to Herbert Folkers' injury or, in the alternative, whether it was Clark's misfeasance that lead to the injury. Unlike the plaintiff's allegations in *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516, which attacked conduct solely attributable to the defendant-manufacturer, the allegations in count III of the Folkers' complaint involve conduct which could very well be attributable to either Imperial or Clark. That being so, we believe that this is the proper case for permitting a third-party indemnity action. It should be left to the jury to decide whether the crane was negligently repaired by Imperial prior to the beginning of the lease period or whether it was Clark who negligently repaired the crane while the crane was in its possession. Accordingly, the decision of the trial court dismissing count I of Imperial's third amended, third-party complaint is reversed.

## II

██ The remaining three counts of Imperial's third-party complaint (counts II, III, and IV) against Clark are based on express-indemnity theories. As set forth previously, the rental contract executed between Imperial and Clark included several provisions under which Clark was obligated to indemnify Imperial for any damage awards that might be levied against Imperial for injuries occurring through Clark's use of the crane. In addition, however, the rental contract provided that the crane's purpose was:

> "for use in construction operations on 1500 Schmule Rd. at or near New Lenox in the State of Illinois."

Thus, it is evident that Clark leased the crane from Imperial "for use in construction operations."

"An Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1983, ch. 29, par. 61) provides:

"With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway, bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."

The express-indemnity provisions in the rental contract between Imperial and Clark fall squarely within the parameters of the statute cited above. As a result, the express-indemnity provisions are void as against public policy. (Accord, *American Pecco Corp. v. Concrete Building Systems Co.* (N.D. Ill. 1975), 392 F. Supp. 789.) Counts II, III, and IV, therefore, were properly dismissed by the trial court.

## III

The last issue raised by Imperial concerns the trial court's denial of Imperial's motion to vacate. The record reveals that on February 26, 1985, the trial court dismissed with prejudice Imperial's third amended, third-party complaint against Clark. The trial court's order stated that "there is no just reason to delay enforcement of this order as it is final and appealable."

On March 19, 1985, Imperial filed a motion to vacate the trial court's February 26, 1985 order. In that motion to vacate, however, Imperial cited no additional authority nor did Imperial bring any previously unknown facts to the trial court's attention. Instead, Imperial claimed that a fourth amended, third-party complaint (which had not yet been filed with the trial court) contained allegations stating a valid cause of action under Illinois law. Thus, through its motion to vacate, Imperial was in fact requesting the trial court for leave to file a fourth amended, third-party complaint against Clark.

■ It is well settled that the dismissal of a cause of action constitutes a final judgment. (*Basden v. Finck* (1982), 106 Ill. App. 3d 108, 435 N.E.2d 783.) Once judgment is entered in the circuit court, there is no right to amend a complaint for purposes other than to conform the pleadings to the proof. (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(c); *Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763.) Instead, where a cause of action is dismissed with prejudice, as in the instant case, a party's remedy rests in the appeal process.

■ In the case at bar, the trial court's dismissal of Imperial's third amended, third-party complaint constituted a final judgment. Thus, Imperial had no statutory right to amend its complaint. The trial court, therefore, committed no error in denying Imperial's post-judgment motion to vacate/motion for leave to file a fourth amended complaint. *Basden v. Finck* (1982), 106 Ill. App. 3d 108, 435 N.E.2d 783.

Accordingly, for the reasons set forth above, the trial court's decision dismissing counts II, III, and IV of Imperial's third amended, third-party complaint is affirmed. The trial court's decision dismissing count I of Imperial's third amended, third-party complaint, however, is reversed and this cause is remanded for further proceedings.

Affirmed in part, reversed and remanded in part.

McMORROW, P.J., and JOHNSON, J., concur.