MARK BROWN, Plaintiff, v. TORIN CORPORATION *et al.*, Defendants (Aratex Services, Inc., Third–Party Plaintiff-Appellant; Sueske Brass & Copper Company, Inc., Third–Party Defendant-Appellee).

First District (4th Division) No. 85—3686

Opinion filed September 30, 1988.

[redacted]

Francis P. Smith, of Chicago, for appellant.

Cassiday, Schade & Gloor, of Chicago (A. Jeffrey Seidman and Judith A. Schieber, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Third-party plaintiff, Aratex Services, Inc. (Aratex), brought an action in the circuit court of Cook County against third-party defendant, the Sueske Brass and Copper Company, Inc. (Sueske). Aratex' amended third-party complaint contained two counts. The trial court dismissed count I, which pled an action for implied indemnity against Sueske. The trial court subsequently dismissed count II, which sought contribution from Sueske based on a settlement agreement between Sueske; its employee, Mark Brown, the plaintiff in the main claim; and a defendant in the main claim.

Aratex appeals, contending: (1) count I of its amended third-party complaint states a cause of action for implied indemnity, and (2) the

settlement agreement lacked good faith both as a matter of law and based on Sueske's *pro rata* share of the common liability.

We affirm the orders of the trial court in all respects.

BACKGROUND

■ The trial court dismissed count I of Aratex' amended third-party complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)). A motion to dismiss, including one under section 2—619(a)(9), admits all well-pled facts. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 93, 405 N.E.2d 1256, 1261.) Aratex alleged in its amended third-party complaint that Brown was an employee of Sueske. Additionally, Sueske leased its industrial uniforms and other garments from Aratex. Aratex measured Brown and Sueske's other employees for their uniforms and provided them with the uniforms.

On June 16, 1978, Brown was wearing loose-fitting coveralls with long sleeves. As Brown was standing or walking next to a slitting machine, his right sleeve was drawn into the machine, pulling his hand with it. Brown suffered a partial amputation of his right hand along with other injuries.

Brown brought the underlying action against Aratex; Torin Corporation, which manufactured the machine; and Revere Brass and Copper, Inc. (Revere), the previous owner of the machine, which sold it to Sueske. Brown sued Aratex on a theory of strict liability in tort. Brown alleged that the coveralls were defectively designed and dangerous because: (a) the sleeves of the coveralls were too long and loose-fitting for persons working near operating machinery; (b) the sleeves lacked elastic wristlets or bands, or any other means of preventing the sleeves from becoming entangled in the moving parts of operating machinery; and (c) these defects and dangerous conditions existed at the time the coveralls left Aratex' control. Brown further alleged that Aratex knew that the coveralls, with their loose-fitting sleeves, were not the proper garments to be worn near operating machinery. Brown also alleged that the coveralls lacked adequate warnings of these dangerous conditions.

Aratex and Revere brought third-party actions against Sueske seeking indemnity and contribution. The trial court granted Sueske's section 2—619(a)(9) motion to dismiss count I of Aratex' amended third-party complaint. Subsequently, Brown, Sueske, and Revere entered into a settlement agreement. As consideration for Brown's release, Sueske paid Revere, which in turn paid Brown, $62,500. In addition, Sueske waived its worker's compensation lien of $44,838.25.

Revere also paid Brown $62,500. Based on this settlement and pursuant to section 2(d) of the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 302(d)), the trial court dismissed all third-party claims against Sueske seeking contribution. This dismissal included count II of Aratex' amended third-party complaint. Aratex appeals from the trial court's orders dismissing both counts of its amended third-party complaint against Sueske.

OPINION

I

Aratex first claims that the trial court erred in dismissing count I of its amended third-party complaint. Aratex contends that count I stated a cause of action against Sueske for implied indemnity, based on their lessor/lessee relationship.

■ To state a cause of action for implied indemnity, a third-party complaint must allege: (1) a pretort relationship between the third-party plaintiff and the third-party defendant, and (2) a qualitative distinction between the conduct of the third-party plaintiff and the third-party defendant. *Van Slambrouck v. Economy Bailer Co.* (1985), 105 Ill. 2d 462, 469, 475 N.E.2d 867, 870.

■ Regarding the first element, a lessor-lessee relationship is one of the classic pretort relationships that gives rise to a duty to indemnify. (*Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 612, 422 N.E.2d 979, 981.) Accordingly, Aratex' amended third-party complaint satisfies the first element of the cause of action.

■ Regarding the second element, a determination of whether a qualitative distinction exists between the conduct of the third-party plaintiff and the third-party defendant depends not only on what is alleged in the indemnity action, but also on the allegations contained in the plaintiff's underlying complaint. Where the plaintiff's allegations address conduct that is solely attributable to the defendant, courts generally deny indemnity. However, where the plaintiff's allegations attack conduct that could be attributable to the defendant or a third-party due to their pretort relationship, courts permit the defendant to seek indemnity from the third party. *Folkers v. Drott Manufacturing Co.* (1987), 152 Ill. App. 3d 58, 63, 504 N.E.2d 132, 135.

■ This distinction is most clear in the case at bar, where Brown brought a strict liability action for injuries allegedly caused by a defective product. The allegations in the underlying complaint attacked the condition of the product at the time it left Aratex' control, rather than the condition of the product at the time of the injury. The only

issue for a jury is whether the coveralls were poorly designed or manufactured, or unreasonably dangerous, at the time they left Aratex' control. Thus, any subsequent misuse of the coveralls may constitute a defense for Aratex, but does not state a cause of action for implied indemnity. See *Folkers*, 152 Ill. App. 3d at 63-64, 504 N.E.2d at 135, citing *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.

Aratex alleged in its amended third-party complaint that Sueske was negligent because it: (a) allowed its employees to operate a slitting machine lacking adequate guards; (b) failed to adequately train its employees in proper work practices and to supervise its employees while working near the machine; (c) failed to adequately warn its employees of the foreseeable hazards near the machine; and (d) provided the unsafe coveralls for use near the machine.

Aratex' allegations, if true, would have constituted a defense to Brown's underlying action, and no implied indemnity action would have been necessary. (See *Burke*, 57 Ill. 2d at 546, 316 N.E.2d at 519.) We have reached this conclusion in several similar cases. (See *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 613, 422 N.E.2d 979, 982; *Old Second National Bank v. Bynal Products, Inc.* (1979), 79 Ill. App. 3d 432, 433-34, 398 N.E.2d 626, 627-28; *Vassolo v. Comet Industries, Inc.* (1975), 35 Ill. App. 3d 41, 46, 341 N.E.2d 54, 58.) Consequently, we uphold the trial court's dismissal of count I of Aratex' amended third-party complaint.

## II

Aratex next claims that the trial court erred in dismissing count II of its amended third-party complaint, which sought contribution from Sueske. Sections 2(c) and (d) of the Contribution Act provide as follows:

"(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor." (Ill. Rev. Stat. 1985, ch. 70, pars.

302(c), (d).)

Aratex contends that the settlement agreement between Brown, Sueske, and Revere lacked good faith both as a matter of law and based on Sueske's *pro rata* share of the common liability.

## A

■ Relying on *LeMaster v. Amsted Industries, Inc.* (1982), 110 Ill. App. 3d 729, 442 N.E.2d 1367, Aratex contends that the settlement agreement lacked good faith as a matter of law. Consequently, the agreement did not bar its third-party contribution action. In *LeMaster*, the Appellate Court for the Fifth District held that an employee's release of an employer, who is covered under the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138 *et seq.*), is not a good-faith settlement that would bar a third-party contribution action. The court reasoned that since the Workers' Compensation Act immunized an employer from tortious liability, the employee surrendered nothing in return for the cash payment he received in the settlement. Rather, the employee released the employer from a liability that could not exist. Since such an agreement lacked consideration on behalf of the employee, and since consideration is an essential element of a good-faith settlement, then the agreement lacked good faith as a matter of law. *LeMaster*, 110 Ill. App. 3d at 735-36, 442 N.E.2d at 1372-73.

We agree with the trial court that *LeMaster* does not apply to the case at bar. The trial court specifically found that the settlement agreement here differs from that in *LeMaster*. Here, unlike *LeMaster*, the settlement agreement is not between the employee and the employer. Brown and Revere are the direct parties to the agreement; Sueske is, technically, a third-party beneficiary of the agreement between Brown and Revere. Sueske paid its *pro rata* share of the settlement to Revere. Revere, in turn, passed on Sueske's share to Brown, adding its (Revere's) share, thus making the total amount of the settlement. In return, Brown released both Revere and Sueske.

Further, the Appellate Court for the First District expressly rejected *LeMaster*'s reasoning in *Doellman v. Warner & Swasey Co.* (1986), 147 Ill. App. 3d 842, 498 N.E.2d 690. We held in *Doellman* that a settlement agreement such as the one involved here contained ample consideration. We noted that, under the Contribution Act, an employer, although immunized from liability under the Workers' Compensation Act, is nevertheless a party potentially liable in tort for an employee's injuries. We reasoned that an employee's release, therefore, must have value to an employer, constituting the necessary con-

sideration for a good-faith settlement. Indeed, the settlement agreement that we upheld in *Doellman* is structured identically to the agreement in the case at bar. (*Doellman*, 147 Ill. App. 3d at 849-51, 498 N.E.2d at 695-97. See also *Dixon v. Northwestern Publishing Co.* (1988), 166 Ill. App. 3d 745, 520 N.E.2d 932.) We hold that the settlement agreement between Brown, Sueske, and Revere was made in good faith as a matter of law.

B

Aratex next contends that the settlement agreement lacked good faith because Sueske's share of the settlement did not represent its *pro rata* share of the common liability. Indeed, Aratex argues that "the common liability is far [too] indefinite and uncertain for anyone to be able to judge whether Sueske has paid the equivalent of its pro-rata [*sic*] share."

This argument lacks merit. Settlement agreements are supported by a public policy that favors the peaceful and voluntary resolution of claims. A release is presumed valid, and the party challenging the release carries the burden of proving any assertion of invalidity. Since the law favors compromise, the evidence must be clear and convincing. Additionally, whether a settlement was made in good or bad faith is a question of fact to be decided in each case. *Wasmund v. Metropolitan Sanitary District* (1985), 135 Ill. App. 3d 926, 928-30, 482 N.E.2d 351, 352-54.

In the case at bar, the trial court expressly found that Revere's and Sueske's shares of the settlement reflected their potential *pro rata* shares of liability, based on their relative degrees of culpability. The trial court further found that the settlement agreement was fair, reasonable, and made in good faith. Aratex produced scant evidence to the contrary. We conclude that Aratex failed to carry its burden of proving by clear and convincing evidence that the settlement agreement between Brown, Sueske, and Revere lacked good faith. Consequently, we uphold the trial court's dismissal of count II of Aratex' amended third-party complaint.

For the foregoing reasons, the orders of the circuit court of Cook County, which dismissed counts I and II of Aratex' amended third-party complaint, are affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.