937 So.2d 238 (2006)
KONE, INC., f/k/a Montgomery Kone, Inc., Appellant,
v.
Angela ROBINSON and Humana Medical Plan, Inc., Appellees.
No. 1D05-3988.
District Court of Appeal of Florida, First District.
September 5, 2006.
*239 Susan S. Oosting, Michael Fox Orr and Charles W. Dorman of Marshall, Dennehey, Warner, Coleman, & Goggin, Jacksonville, for Appellant.
David C. Reeves and J.W. Prichard, Jr. of Moseley, Prichard, Parrish, Knight & Jones, Jacksonville, for Appellees.
KAHN, C.J.
Kone, Inc. (Kone) appeals the trial court's order dismissing its two-count third-party complaint for indemnity against appellee Humana Medical Plan, Inc. (Humana). The trial court dismissed both counts of the complaint, finding Humana was not a party to the relevant contract. In the alternative, and assuming Humana's status as a party to the contract, the trial court found, as to Count I, the contractual indemnification clause unenforceable due to Kone's failure to comply with section 725.06, Florida Statutes (1999). As to Count II, the court ruled Kone could not recover contract damages in "an essentially tort action." We reverse the dismissal of Count I and remand the case for further proceedings, because section 725.06 does not control. We affirm the dismissal of Count II because the order properly barred tort damages.

BACKGROUND
On June 13, 1990, Kone entered into an elevator maintenance agreement with Rouse & Associates, the owner of a Jacksonville *240 parking garage, to provide maintenance and service for the elevators in the garage. The agreement contained an indemnification provision:
You [Rouse & Associates] shall indemnify, protect and save harmless Montgomery Elevator Company [Kone] from and against liabilities, losses and claims of any kind or nature imposed on, incurred by or asserted against Montgomery Elevator Company [Kone] arising out of the active or passive negligence of Montgomery Elevator Company [Kone] in any way connected with the use or operation of the equipment.
Humana assumed Rouse & Associates' duties and obligations under the contract when it bought the parking garage. Kone continued to provide service and maintenance under the contract and Humana paid for such services.
Under the terms of the agreement, Humana agreed to supervise the use of the elevators, post warning signs, and implement other controls to ensure safe operation of the elevators. The agreement required Kone to employ "skilled elevator maintenance men" to "systematically examine, maintain, adjust, lubricate as required, and [if necessary] . . . repair or replace all elevator components."
On February 18, 2000, Angela Robinson, a Humana employee, suffered an injury when exiting one of the elevators, allegedly due to an elevator malfunction. Robinson received workers' compensation benefits from Humana. Robinson later sued Kone for negligent maintenance of the elevator. Kone brought a third-party complaint against Humana for breach of contract and indemnity arising out of the indemnification provision in the agreement.
Humana moved to dismiss the third party complaint on two grounds: (1) the indemnity provision failed to comply with section 725.06, Florida Statutes (1999); and (2) Humana lacked status as a party to the contract. At the hearing on the motion, and on appeal, Humana stipulated it was a party to the contract, dropping the argument made in the motion to dismiss. The hearing focused upon whether section 725.06, Florida Statutes (1999), applied to the maintenance agreement.
The trial court granted the motion to dismiss, finding:
Count I (Indemnity) must be dismissed because there is no evidence before the Court that Humana is a party to the contract upon which Kone relies to impose the burden of indemnification upon Humana. Even if Humana were a party to the contract Kone seeks to enforce against Humana moreover, the contract is unenforceable due to Kone's failure to comply with statutory requirements for indemnification. See § 725.06, Fla. Stat.
. . . .
Count II (Breach of Contract or common law indemnity) must be dismissed because again there is no evidence before the Court that Humana is a party to the contract upon which Kone relies for breach of contract. Even if Humana were a party to the contract Kone seeks to enforce against Humana moreover, Kone is barred from seeking common law indemnity because the pleadings before the Court allege Kone's active negligence. Common law indemnity is unavailable to a party who is in part actively negligent. Moreover, contract damages are unavailable in an essentially tort action.
(some citations omitted). For reasons unknown, the trial court found that Humana was not a party to the contract despite Humana's stipulation that it was, indeed, a party.

*241 ANALYSIS

We first consider Humana's agreed status as a party to the contract. Humana's stipulation to that effect is of some import. "A stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court." Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla.1971); see EGYB, Inc. v. First Union Nat'l Bank of Fla., 630 So.2d 1216, 1217 (Fla. 5th DCA 1994) ("It is well settled that a stipulation entered into between parties in good faith and without fraud, misrepresentation or mistake is binding on the parties and the court." (citing Gunn)); Dorson v. Dorson, 393 So.2d 632, 633 (Fla. 4th DCA 1981) (quoting Gunn in finding a stipulation binding on a court). Appropriately, Humana does not contest the point on appeal. The trial court erred when it found Humana was not a party to the contract.
We next consider whether the trial court erred in finding section 725.06, Florida Statutes (1999), applies to this maintenance agreement. The statute reads:
Construction contracts; limitation on indemnification.  Any portion of any agreement or contract for, or in connection with, any construction, alteration, repair, or demolition of a building, structure, appurtenance, or appliance, including moving and excavating connected with it, or any guarantee of, or in connection with, any of them, between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman, or between any combination thereof, wherein any party referred to herein obtains indemnification from liability for damages to persons or property caused in whole or in part by any act, omission, or default of that party arising from the contract or its performance shall be void and unenforceable unless:
(1) The contract contains a monetary limitation on the extent of the indemnification and shall be a part of the project specifications or bid documents, if any, or
(2) The person indemnified by the contract gives a specific consideration to the indemnitor for the indemnification that shall be provided for in his or her contract and section of the project specifications or bid documents, if any.
We review a trial court's construction of a statute de novo. See B.Y. v. Dep't of Children & Families, 887 So.2d 1253, 1255 (Fla.2004).
Examining the statute's language, we have failed to discern a legislative intent to apply section 725.06, Florida Statutes (1999), to non-construction contracts such as the one involved in this case. See Gulf Power Co. v. Cox Cable Corp., 570 So.2d 379, 383 (Fla. 1st DCA 1990) ("This statutory provision expressly applies in situations when an owner of real property contracts for improvements to property."), quashed in part on other grounds, 591 So.2d 627 (Fla.1992). To fall within the statute, a party must be an owner of real property, architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman. See § 725.06, Fla. Stat. (1999). These classifications, not defined in the instant statute, are employed as terms of art commonly used in the construction industry. Kone simply maintains Humana's elevators and, as a result, does not qualify as one of the enumerated parties listed in the statute. In particular, nothing before us shows that Kone is a general contractor. See § 489.105(3)(a), Fla. Stat. (1999) (defining "general contractor" as "a contractor whose services are unlimited as to the type of work which he or she may do, who may contract for *242 any activity requiring licensure under this part, and who may perform any work requiring licensure under this part"). Humana does not advance an argument that Kone is a subcontractor and, on these facts, we would reject such a theory. See § 713.01(26), Fla. Stat. (1999) (defining "subcontractor" as "a person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract"). Kone is simply a party to an elevator maintenance agreement. Had the Legislature intended this statute to apply to all contracts concerning real property, it could have simply included the term "contractor" in the statute. See, e.g., §§ 489.105(3), 713.01(7), Fla. Stat. (1999). The use of a more specific term is telling.
Moving beyond Kone's status, the agreement requires Kone to repair the elevators when necessary. Such maintenance, however, does not equate with construction. See, e.g., § 440.02(7), Fla. Stat. (1999) (defining "construction industry" as "for-profit activities involving the carrying out of any building, clearing, filling, excavation, or substantial improvement in the size or use of any structure or the appearance of any land"). A reviewing court is bound by a statute's terms and not its title. Nevertheless, the title here certainly suggests a restriction on indemnification agreements in "construction contracts." See Cook v. Blazer Fin. Servs., Inc., 332 So.2d 677, 679 (Fla. 1st DCA 1976) ("A court may look to the title of an act to aid in the interpretation of the act but the meaning may not be enlarged by the title."). We find that an agreement providing for the routine maintenance of elevators over a time frame of sixteen years is not a construction contract.
Finally, although the trial court erred in finding Humana was not a party to the contract, the trial court properly dismissed Count II under the economic loss doctrine. The doctrine holds that a promisor will not be held liable for tort damages under a breach of contract theory. See Elec. Sec. Sys. Corp. v. S. Bell Tel. & Tel. Co., 482 So.2d 518, 519 (Fla. 3d DCA 1986) (stating that "breach of contract, alone, cannot constitute a cause of action in tort . . . . [and][i]t is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence"); see also Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100, 103 (Fla. 4th DCA 1969)("[I]t has been frequently declared to be a rule that no cause of action in tort can arise from a breach of a duty existing by virtue of contract. . . ."). Consequently, as Kone simply alleges that Humana breached the agreement, it may not seek indemnity, except under the specific provision sued upon in Count I.
We REVERSE the dismissal of Count I and REMAND to the trial court for further proceedings. We AFFIRM the dismissal of Count II.
WEBSTER and HAWKES, JJ., concur.