**UNITED RENTALS NORTHWEST, INC., Plaintiff–Appellant,**

v.

**YEAROUT MECHANICAL, INC., Defendant–Appellee.**

No. 08–2225.

United States Court of Appeals, Tenth Circuit.

July 24, 2009.

Leslie A. McCarthy Apodaca, Charles J. Vigil, Rodey, Dickason, Sloan, Akin &

Robb, Albuquerque, NM, for Plaintiff–Appellant.

Bryan D. Evans, Carla A. Neusch Williams, Atwood, Malone, Turner & Sabin, Roswell, NM, for Defendant–Appellee.

Before HENRY, Chief Judge, O'BRIEN, Circuit Judge, and EAGAN,* District Judge.

## ORDER CERTIFYING STATE LAW QUESTION

PER CURIAM.

Plaintiff–Appellant United Rentals Northwest, Inc. (United Rentals) appeals the district court's decision to grant Defendant–Appellee Yearout Mechanical, Inc.'s (Yearout's) motion to dismiss. The district court ruled that United Rentals could not seek indemnification from Yearout because the indemnification provision contained in the parties' equipment rental agreement was unenforceable under N.M. Stat. § 56–7–1 (2005).

Because the disposition of this appeal turns on an important and unsettled question of New Mexico law, we submit this request to the Supreme Court of New Mexico to exercise its discretion to accept the following certified question of New Mexico law in accordance with 10th Circuit Rule 27.1 and Rule 12–607 of the New Mexico Rules of Appellate Procedure:

> Is a rental agreement for a scissor lift that was used to perform duct work at an airport hanger at the time of an accident a "construction contract" under N.M. Stat. § 56–7–1(E) (2005) such that a provision in that agreement that "requires one party to the contract to indemnify, hold harmless, insure or defend the other party to the contract, including the other party's employees or agents, against liability, claims, damages, losses

or expenses, including attorney fees, arising out of bodily injury to persons or damage to property caused by or resulting from, in whole or in part, the negligence, act or omission of the indemnitee, its officers, employees or agents is void, unenforceable and against the public policy of the state." *Id.* at § 56–7–1(A).

The New Mexico Supreme Court may reformulate the question. The relevant facts are set forth below.

## I. BACKGROUND

United Rentals is an equipment rental company based in Oregon, and Yearout operates a mechanical contracting service in New Mexico. Yearout rented a scissor lift from United Rentals on March 1, 2006, and used the scissor lift to perform duct work at the Eclipse Aviation Hanger at the Albuquerque International Airport. The rental agreement, referred to as the "Rental Out Contract," included an indemnification provision:

> INDEMNITY/HOLD HARMLESS. TO THE FULLEST EXTENT PERMITTED BY LAW, CUSTOMER AGREES TO INDEMNIFY, DEFEND AND HOLD [UNITED RENTALS] HARMLESS FROM AND AGAINST ANY AND ALL LIABILITY, CLAIM, LOSS, DAMAGE OR COSTS (INCLUDING, BUT NOT LIMITED TO, ATTORNEYS' FEES, LOSS OF PROFIT, BUSINESS INTERRUPTION OR OTHER SPECIAL OR CONSEQUENTIAL DAMAGES, DAMAGES RELATING TO BODILY INJURY, DAMAGES RELATING TO WRONGFUL DEATH) CAUSED BY OR IN ANY WAY ARISING OUT OF OR RELATED TO THE OPERATION, USE, MAINTENANCE, INSTRUC-

---

* The Honorable Claire V. Eagan, United States District Judge for the Northern District of Oklahoma, sitting by designation.

TION, POSSESSION, TRANSPORTA-TION, OWNERSHIP OR RENTAL OF THE EQUIPMENT, INCLUDING WHENEVER SUCH LIABILITY, CLAIM, LOSS, DAMAGE OR COST IS FOUNDED, IN WHOLE OR IN PART, UPON ANY NEGLIGENT OR GROSSLY NEGLIGENT ACT OR OMISSION OF [UNITED RENTALS] OR THE PROVISION OF ANY AL-LEGEDLY DEFECTIVE PRODUCT BY [UNITED RENTALS]. THIS IN-DEMNITY PROVISION APPLIES TO ANY CLAIMS ASSERTED AGAINST [UNITED RENTALS] BASED UPON STRICT OR PRODUCT LIABILITY CAUSES OF ACTION OR BREACH OF WARRANTY.

Aplt's App. at 24.

On April 1, 2006, two Yearout employees were killed in an accident when the scissor lift fell over. The personal representatives of the deceased employees sued United Rentals and JLG, Industries, Inc., the manufacturer of the scissor lift, under the-ories of strict liability, negligence, loss of consortium, and negligent infliction of emotional distress. United Rentals settled the claims against it for an undisclosed amount.

United Rentals filed this lawsuit seeking indemnification from Yearout pursuant to the indemnification provision of the Rental Out Contract. Yearout filed a motion to dismiss, asserting that the indemnification provision was unenforceable under N.M. Stat. § 56–7–1(E) (2005).

Under N.M. Stat. § 56–7–1(A) (2005):

[a] provision in a construction contract that requires one party to the contract to indemnify, hold harmless, insure or defend the other party to the contract, including the other party's employees or agents, against liability, claims, dam-ages, losses or expenses, including attor-ney fees, arising out of bodily injury to persons or damage to property caused by or resulting from, in whole or in part, the negligence, act or omission of the indemnitee, its officers, employees or agents, is void, unenforceable and against the public policy of the state.

The statute defines "a construction con-tract" as:

a public, private, foreign or domestic contract or agreement relating to con-struction, alteration, repair or mainte-nance of any real property in New Mexico and includes agreements for ar-chitectural services, demolition, design services, development, engineering ser-vices, excavation or other improvement to real property, including buildings, shafts, wells and structures, whether on, above or under real property.

*Id.* at § 56–7–1(E).

In the district court proceedings, Year-out argued that the rental agreement was a construction contract within the meaning of § 56–7–1 and was unenforceable under New Mexico law. United Rentals re-sponded that § 56–7–1 did not apply to equipment leases, even for construction equipment, because such agreements do not relate to the construction, mainte-nance, or alteration of real property. The district court determined that the indemni-fication provision was unenforceable under § 56–7–1, and granted the motion to dis-miss.

## II. DISCUSSION

United Rentals challenges the district court's decision that the indemnification agreement in the Rental Out Contract was unenforceable under § 56–7–1. First, United Rentals argues that an equipment lease does not relate to the construction, alteration, repair, or maintenance of real property and the Rental Out Contract is not similar to the other types of agree-ments listed in § 56–7–1(E). Second, United Rentals states that, in 2007, over a

year after the Yearout/United Rentals contract was executed, the New Mexico legislature enacted an anti-indemnification statute specifically concerning the enforceability of indemnification agreements in equipment leases, N.M. Stat. § 56–7–3. United Rentals argues that it would have been unnecessary to pass § 56–7–3 if leases of construction equipment were covered by § 56–7–1. Lastly, United Rentals claims that its position comports with the majority of decisions from other states with similar anti-indemnification statutes.

In response, Yearout defends the district court's decision that the indemnification provision in the Rental Out Agreement is unenforceable. Yearout argues that: (1) § 56–7–1(E)'s use of the phrase "relating to" indicates that its definition of a "construction contract" is broad enough to include the Rental Out Agreement, particularly when "[United Rentals] knew [the scissor lift] would be used at a construction site at the Albuquerque Sunport by construction workers." Aple's Br. at 8; (2) application of the § 56–7–1's anti-indemnification provision to the Rental Out Agreement comports with the statute's purpose, which is "to protect construction workers and future occupants of a building by ensuring that all those involved in its construction know that they will be held financially responsible for their negligence." Aple's Br. at 7–8 (quoting *Tucker v. R.A. Hanson Co.*, 956 F.2d 215, 218–19 (10th Cir.1992)); and (3) application of the § 56–7–1's anti-indemnification provision to the Rental Out Agreement is supported by "the greater weight of authority from other jurisdictions." *Id.* at 11–12.

██ When interpreting a state statute in a diversity case, this court must apply state rules of statutory construction. *Finstuen v. Crutcher*, 496 F.3d 1139, 1148 (10th Cir.2007). Under New Mexico law, the goal of statutory interpretation is to determine and give effect to legislative

intent. *N.M. Bd. of Veterinary Med. v. Riegger*, 142 N.M. 248, 164 P.3d 947, 952 (2007). The primary indicator of legislative intent is the plain language of the statute, and a court should "give the words used in the statute their ordinary meaning unless the legislature indicates a different intent." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 126 N.M. 413, 970 P.2d 599, 600 (1998) (internal quotation marks omitted). A court should also consider the "object the legislature sought to accomplish and the wrong it sought to remedy" when interpreting statutory language. *Lopez v. Employment Sec. Div.*, 111 N.M. 104, 802 P.2d 9, 10 (1990). When multiple sections of a statute are involved, "they must be read together so that all parts are given effect." *Smith v. Bernalillo County*, 137 N.M. 280, 110 P.3d 496, 501 (2005). Statutory interpretation presents a question of law, and the facts of an individual case will not affect a court's interpretation of a statute. *See Pan Am. Petroleum Corp. v. El Paso Natural Gas Co.*, 77 N.M. 481, 424 P.2d 397, 401 (1966). Upon considering these principles, we are uncertain as to how the New Mexico Supreme Court would interpret N.M. Stat. § 56–7–1 (2005) in this case.

██ United Rentals contention that N.M. Stat. § 56–7–1 (2005) does not apply finds support in the principle of statutory interpretation called *noscitur a sociis*, which allows a court to interpret general terms of statute by association with more specific words, regardless of the order of the words in the statute. *See* 2A Norman J. Singer *Sutherland Statutes and Statutory Construction* § 47:16 (6th ed.2000) (discussing the principle); *see also Comer v. State Tax Comm'n*, 41 N.M. 403, 69 P.2d 936, 939 (1937) (applying *noscitur a sociis* to limit interpretation of word "agent" to something less than its commonly accepted meaning based on association with the

more specific words of a statute); *Medina v. Holguin,* 145 N.M. 303, 197 P.3d 1085, 1089 (Ct.App.2008) (applying *noscitur a sociis* to construe a rule of the National Association of Securities Dealers). Applying *noscitur a sociis,* one could conclude that the broad phrase "contract or agreement relating to construction, alteration, repair or maintenance of any real property" in § 56–7–1(E) should be interpreted by considering the more specific phrase the follows it: "agreements for architectural services, demolition, design services, development, engineering services, excavation or other improvement to real property, including buildings, shafts, wells and structures, whether on, above or under real property." Under this reading, one could observe that (a) a common characteristic of each example listed in the second clause of the statute is that each item references a type of contract requiring the performance of some service or work on or to improve real property; and that (b) an equipment lease does not require the lessor to engage in any activity that could be considered construction, alteration, repair, or maintenance to any real property, nor is the lessor directly concerned with the intended use of the equipment by the lessee as long as the rental fee is paid.

On the other hand, Yearout's contention that N.M. Stat. § 56–7–1 (2005) does apply to the Rental Out Agreement finds support in the statute's reference to contracts *"relating to* construction." Yearout plausibly argues that the term is quite broad, meaning "stand[ing] in some relation … to bring into association with or connection with." Aple's Br. at 7 (quoting *Black's Law Dictionary* 1480–81 (6th ed.1990)). Under this reading of the statute, a contract to rent equipment used for construction "relates to" construction.

In addition, reasonable minds could differ as to the application of the doctrine of *ejusdem generis* in this case. New Mexico courts have stated that doctrine as follows: "Where general words follow an enumeration of persons or things of a particular and specific meaning, the general words are not construed in their widest extent but are instead construed as applying to persons or things of the same kind or class as those specifically mentioned." *Maralex Resources, Inc. v. Gilbreath,* 134 N.M. 308, 76 P.3d 626, 636 (2003) (internal quotation marks omitted). Here, United Rentals argues that *ejusdem generis* supports its reading of the statute because "the general catch-all term 'agreement for … other improvement to real property' is considered in the context of specific activities to which the definition of construction contract specifically applies, [and], it is evident the common characteristic that those activities share is that they are *services* performed in connection with a construction project." Aplt's Br. at 12–13 However, we note that in § 56–7–1(E), the general terms *precede* the more specific ones. This sequence differs from the sequence in which New Mexico courts have applied *ejusdem generis* (*i.e.,* general terms *following* specific terms). *See, e.g., Maralex Resources,* 76 P.3d at 636; *Lucero v. Richardson & Richardson, Inc.,* 131 N.M. 522, 39 P.3d 739, 745–47 (Ct.App.2001); *State v. Foulenfont,* 119 N.M. 788, 895 P.2d 1329, 1331–33 (Ct.App.1995). *But see* 2A Singer, *supra* § 47:17, at 272–81 ("Where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. Where the opposite sequence is found, i.e., specific words following general ones, the doctrine is equally applicable, and restricts application of the general term to things that are similar to those enumerated.").

The text of N.M. Stat. § 56–7–1 (2005) also raises the question of how to read the phrase "and includes." *See In re Corwin,*

106 N.M. 316, 742 P.2d 528, 529 (Ct.App. 1987) (concluding that "include[s]" "is a word of expansion rather than of limitation") (citing 2A Norman J. Singer *Sutherland Statutes and Statutory Construction* § 47:07 (4th ed.1984)). It is not clear what significance the New Mexico Supreme Court would afford the use of the phrase "and includes" in interpreting the statute.

Finally, as the parties have noted, courts from other jurisdictions have reached different conclusions on the scope of similar anti-indemnity statutes.

Some of these decisions tend to support United Rentals' view. *See McMunn v. Hertz Equip. Rental Co.,* 791 F.2d 88, 91–93 (7th Cir.1986) (Posner, J.) (concluding that an Indiana anti-indemnity statute did not apply to a lease of a bobcat loader); *Kone, Inc. v. Robinson,* 937 So.2d 238, 241–42 (Fla.Dist.Ct.App.2006) (concluding that a Florida anti-indemnity statute did not apply to an agreement to provide elevator maintenance); *Orville Milk Co. v. Beller,* 486 N.E.2d 555, 561 (Ind.App.1985) (concluding that the same Indiana statute at issue in *McMunn* did not apply to a lease for heaters); *Palmour v. Gray Ins. Co.,* 731 So.2d 911, 913–14 (La.Ct.App. 1999) (concluding that a Louisiana anti-indemnity statute did not apply to the lease of a crane); *S & F Concrete Contractors, Inc. v. Strickland Sys., Inc.,* No. CA933525, 1995 WL 808874, at *4–5 (Mass.Super. Ct. April 25, 1995) (concluding that a Massachusetts anti-indemnity statute did not apply to the lease of a concrete forming system by a general contractor); *Pritts v. J.I. Case Co.,* 108 Mich. App. 22, 310 N.W.2d 261 (1981) (concluding that a Michigan anti-indemnity statute did not apply to a lease of a travel lift); *Eagle*

*Pac. Ins. Co. v. Quintanilla,* 923 So.2d 266, 269–70 (Miss.Ct.App.2006) (concluding that a Mississippi anti-indemnity statute did not apply to an agreement to provide welders to an offshore oil rig); *Reliance Ins. Co. v. Chevron U.S.A., Inc.,* 713 P.2d 766, 767 (Wyo.1986) (concluding that a Wyoming anti-indemnity statute, Wyo. Stat. § 30–1–131, did not apply to an agreement in which a construction company agreed to "furnish labor, materials, and equipment").

 Other cases tend to support Yearout's reading of N.M. Stat. § 56–7–1 (2005). *See, e.g., Am. Pecco Corp. v. Concrete Bldg. Sys. Co.,* 392 F.Supp. 789, 793–94 (N.D.Ill.1975) (holding that an Illinois statute rendered void an indemnity provision in a contract with a construction company to furnish labor, materials, and a helper cranes to dismantle two tower cranes); *Aetna Cas. & Sur. Co. v. Marion Equip. Co.,* 894 P.2d 664, 666–71 (Alaska 1995) (concluding that an Alaska anti-indemnity statute rendered void an indemnity provision in a lease of a crane to a construction company); *Folkers v. Drott Mfg. Co.,* 152 Ill.App.3d 58, 105 Ill.Dec. 263, 504 N.E.2d 132, 137 (1987) (concluding that an Illinois statute rendered void an indemnity provision in the lease of a crane); *Elliott Crane Serv., Inc. v. H.G. Hill Stores, Inc.,* 840 S.W.2d 376, 379–80 (Tenn.Ct.App.1992) (concluding that a Tennessee statute rendered void an indemnity provision in a lease of a crane to a company hired to remove air conditioning equipment from the roof of a building).[1]

## III. CONCLUSION

This court therefore concludes that certification of this question will further the

---

**1.** We emphasize that, in our view, N.M. Stat. § 56–7–3, the statute enacted in 2007 that pertains to equipment leases, does not apply in this case. Under New Mexico law, it is presumed that a statute applies prospectively only "absent a clear intention to the contrary." *Howell v. Heim,* 118 N.M. 500, 882 P.2d 541, 547 (1994). There is no indication that the New Mexico legislature intended § 56–7–3 to apply retroactively.

interests of comity and federalism by giving the New Mexico Supreme Court the opportunity to answer the question in the first instance, should it elect to do so. This court recognizes the discretion of the New Mexico Supreme Court to reformulate the question posed herein.

The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk shall also forward, under the Tenth Circuit's official seal, a copy of this certification order and the briefs filed in this court to the New Mexico Supreme Court.

This appeal is ordered ABATED pending resolution of the certified question.

We greatly appreciate the consideration of this request.