FILED
United States Court of Appeals
Tenth Circuit

June 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED RENTALS NORTHWEST, INC.,

      Plaintiff - Appellant,

v.

YEAROUT MECHANICAL, INC.,

      Defendant - Appellee.

No. 08-2225
(D.C. No. 1:08-CV-00050-RLP-CG)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY** and **O'BRIEN**, Circuit Judges, and **EAGAN**,[**] District Judge.

---

Plaintiff - Appellant United Rentals Northwest, Inc. (United Rentals) appeals the district court's decision to grant Defendant - Appellee Yearout Mechanical, Inc.,'s (Yearout) motion to dismiss. The district court ruled that United Rentals could not seek indemnification from Yearout because the indemnification provision contained in the parties' equipment rental agreement

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Claire V. Eagan, United States District Judge for the Northern District of Oklahoma, sitting by designation.

was unenforceable under N.M. STAT. ANN. § 56-7-1. We certified a question of law to the New Mexico Supreme Court and, based on the answer to the certified question, we affirm the decision of the district court.

*Background*

United Rentals is an equipment rental company based in Oregon, and Yearout operates a mechanical contracting service in New Mexico. Yearout rented a scissor lift from United Rentals on March 1, 2006, and used the scissor lift to perform duct work at the Eclipse Aviation Hanger at the Albuquerque International Airport. The rental agreement, referred to as the "Rental Out Contract," included an indemnification provision:

> INDEMNITY/HOLD HARMLESS. TO THE FULLEST EXTENT PERMITTED BY LAW, CUSTOMER AGREES TO INDEMNIFY, DEFEND AND HOLD [UNITED RENTALS] HARMLESS FROM AND AGAINST ANY AND ALL LIABILITY, CLAIM, LOSS, DAMAGE OR COSTS (INCLUDING, BUT NOT LIMITED TO, ATTORNEYS' FEES, LOSS OF PROFIT, BUSINESS INTERRUPTION OR OTHER SPECIAL OR CONSEQUENTIAL DAMAGES, DAMAGES RELATING TO BODILY INJURY, DAMAGES RELATING TO WRONGFUL DEATH) CAUSED BY OR IN ANY WAY ARISING OUT OF OR RELATED TO THE OPERATION, USE, MAINTENANCE, INSTRUCTION, POSSESSION, TRANSPORTATION, OWNERSHIP OR RENTAL OF THE EQUIPMENT, INCLUDING WHENEVER SUCH LIABILITY, CLAIM, LOSS, DAMAGE OR COST IS FOUNDED, IN WHOLE OR IN PART, UPON ANY NEGLIGENT OR GROSSLY NEGLIGENT ACT OR OMISSION OF [UNITED RENTALS] OR THE PROVISION OF ANY ALLEGEDLY DEFECTIVE PRODUCT BY [UNITED RENTALS]. THIS INDEMNITY PROVISION APPLIES TO ANY CLAIMS ASSERTED AGAINST [UNITED RENTALS] BASED UPON STRICT OR PRODUCT LIABILITY CAUSES OF ACTION OR

BREACH OF WARRANTY.

Appellant's App. at 24. On April 1, 2006, two Yearout employees were killed in an accident when the scissor lift fell over. The personal representatives of the deceased employees sued United Rentals and JLG, Industries, Inc., the manufacturer of the scissor lift, under theories of strict liability, negligence, loss of consortium, and negligent infliction of emotional distress. United Rentals settled the claims against it for an undisclosed amount.

United Rentals filed this lawsuit seeking indemnification from Yearout pursuant to the indemnification provision of the Rental Out Contract. Yearout filed a motion to dismiss the lawsuit asserting that the indemnification provision was unenforceable under § 56-7-1. Yearout argued that the rental agreement was a construction contract within the meaning of § 56-7-1 and was unenforceable under New Mexico law. United Rentals responded that § 56-7-1 did not apply to equipment leases, even for construction equipment, because such agreements do not relate to the construction, maintenance, or alteration of real property. The district court determined that the indemnification provision was unenforceable under § 56-7-1, and granted the motion to dismiss.

*Standard of Review*

We review a district court's decision to grant a motion to dismiss *de novo*. *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009). This is a diversity case arising out of New Mexico and we must apply

the substantive law of New Mexico. *See Pompa v. American Family Mut. Ins. Co.*, 520 F.3d 1139, 1143 (10th Cir. 2008). This Court reviews a district court's construction of a state statute under a *de novo* standard of review. *Breaux v. American Family Mut. Ins. Co.*, 554 F.3d 854, 863 (10th Cir. 2009).

*Discussion*

United Rentals challenges the district court's decision that the indemnification agreement in the Rental Out Contract was unenforceable under § 56-7-1. First, United Rentals argues that an equipment lease does not relate to the construction, alteration, repair, or maintenance of real property and the Rental Out Contract is not similar to the other types of agreements listed in § 56-7-1(E). Second, United Rentals states that the New Mexico legislature enacted an anti-indemnification statute specifically concerning the enforceability of indemnification agreements in equipment leases, N.M. STAT. ANN. § 56-7-3, and argues that it would have been unnecessary to pass § 56-7-3 if leases of construction equipment were covered by § 56-7-1. Lastly, United Rentals claims that decisions from the highest courts of other states with similar anti-indemnification statutes show that the majority of states do not treat equipment leases as construction contracts under construction anti-indemnification statutes.

Under N.M. STAT. ANN. § 56-7-1 (2005):

[a] provision in a construction contract that requires one party to the contract to indemnify, hold harmless, insure or defend the other party to the contract, including the other party's employees or agents,

-4-

against liability, claims, damages, losses or expenses, including attorney fees, arising out of bodily injury to persons or damage to property caused by or resulting from, in whole or in part, the negligence, act or omission of the indemnitee, its officers, employees or agents, is void, unenforceable and against the public policy of the state.

The statute defines a construction contract as:

a public, private, foreign or domestic contract or agreement relating to construction, alteration, repair or maintenance of any real property in New Mexico and includes agreements for architectural services, demolition, design services, development, engineering services, excavation or other improvement to real property, including buildings, shafts, wells and structures, whether on, above or under real property.

Id. at § 56-7-1(E). The plain language of the statute does not expressly include an equipment lease within the definition of the term "construction contract." Section 56-7-1 defines an agreement "relating to construction, alteration, repair or maintenance of any real property in New Mexico" as a construction contract, and it goes on to provide a list of specific examples of types of agreements that constitute construction contracts under the statute. None of the specific examples is or could be construed as a lease of construction equipment. We determined that the resolution of this appeal turned on an important and unsettled question of state law and submitted the following certified question to the New Mexico Supreme Court:

Is a rental agreement for a scissor lift that was used to perform duct work at an airport hanger at the time of an accident a "construction contract" under N.M. Stat. § 56-7-1(E) (2005) such that a provision in that agreement that "requires one party to the contract to

-5-

indemnify, hold harmless, insure or defend the other party to the contract, including the other party's employees or agents, against liability, claims, damages, losses or expenses, including attorney fees, arising out of bodily injury to persons or damage to property caused by or resulting from, in whole or in part, the negligence, act or omission of the indemnitee, its officers, employees or agents is void, unenforceable and against the public policy of the state." *Id.* at § 56-7-1(A).

*United Rentals Northwest, Inc. v. Yearout Mechanical, Inc.*, 573 F.3d 997, 1000 (10th Cir. 2009).

The New Mexico Supreme Court determined that a rental agreement for construction equipment falls within § 56-7-1 and an indemnification agreement in such a rental agreement is unenforceable under New Mexico law. That court construed § 56-7-1 as a broad limitation on the enforceability of an indemnification agreement in any contract "relating to" construction. *United Rentals Northwest, Inc. v. Yearout Mechanical, Inc.*, No. 31,860, slip op. at 4 (N.M. June 17, 2010). However, the plain language of § 56-7-1 is susceptible to more than one reasonable interpretation, and it was not clear if the statute was intended to apply to rental agreements for construction equipment. The New Mexico Supreme Court considered the legislative purpose behind the enactment of New Mexico's anti-indemnification statutes, and found that the legislature "overrode competing public policies favoring the freedom to contract" and recognized that holding wrongdoers liable for their own behavior served an important deterrent function. *Id.* at 7. The court found no meaningful distinction

between a rental agreement for construction equipment and an ordinary construction contract, and found that § 56-7-1 does apply to a lease of construction equipment. The New Mexico Supreme Court considered United Rentals' argument concerning the subsequent enactment of § 56-7-3 and judicial decisions from other states with similar anti-indemnification statutes. Since § 56-7-1 includes rental agreements for construction equipment, the court treated § 56-7-3 as an extension of New Mexico's anti-indemnification policy to all types of rental agreements, not just leases of construction and mining equipment, and this did not affect the clear legislative intent to include lease agreements for construction equipment within the scope of § 56-7-1. *Id.* at 8-11. The New Mexico Supreme Court also considered judicial decisions from other states and acknowledged that some state courts have interpreted their own anti-indemnification statutes more narrowly, but held that such a narrow interpretation would be inconsistent with the intent of New Mexico Legislature when it enacted § 56-7-1. *Id.* at 11-12.

Based on the New Mexico Supreme Court's answer to the certified question, we find that the district court's decision to grant Yearout's motion to dismiss should be affirmed. The Rental Out Contract is clearly a rental agreement for construction equipment and falls within the scope of § 56-7-1, as this statute was interpreted by New Mexico Supreme Court in answer to this Court's certified question. United Rentals raised each of its arguments concerning statutory

interpretation before the New Mexico Supreme Court, and those arguments were rejected as grounds to exclude an indemnification agreement contained within a lease of construction equipment from the scope of § 56-7-1. Thus, there are no issues remaining for resolution in this appeal following the New Mexico Supreme Court's answer to this Court's certified question, and the indemnification agreement in the Rental Out Contract is unenforceable under New Mexico law.

Therefore, we **AFFIRM** the judgment of the district court.

Entered for the Court


Claire V. Eagan
District Judge